OPINION OF THE COURT
Harold Baer, Jr., J.
Defendant and second third-party plaintiff Crown Controls *968 Corporation (Crown) moves for partial summary judgment in this personal injury/products liability action.
Plaintiff was severely injured when a forklift that he was operating during the course of his employment tipped over. The forklift was manufactured by defendant Crown.
On the day of the accident, plaintiff maneuvered the forklift out of the mechanic’s shop and used it to move cabinets. He then decided to return the forklift to the garage. On the way, another employee, Rodney Foster, climbed onto the forks that extended outward from the truck. To be able to see where he was driving, plaintiff raised the forks approximately six feet with Foster standing on them. Plaintiff Power and Foster proceeded straight and then, at the same speed at which he was driving, plaintiff commenced a turn. The forklift began to tilt, Foster jumped off, the forklift tipped over and plaintiff was pinned underneath as he attempted to escape from the truck.
The operator’s warning sign, located under the control panel, instructs drivers that driving a forklift is dangerous, not to stand up in the truck, to be sure to read the operator’s manual and not to operate the truck unless the driver is trained. The warning says nothing about, nor what to do in case of, tipover. Plaintiff testified that he had not read the warning on the truck nor was he trained in the operation of the truck. Plaintiff also testified that he had never seen and was never told of the existence of the operator’s manual. Plaintiff never asked for a manual or brochure about the forklift.[1]
In his complaint, plaintiff alleges that Crown failed adequately to warn of the dangers of tipover. This claim is the subject of Crown’s motion for partial summary judgment.
A manufacturer owes a duty to use reasonable care to give adequate warning of any dangers in the normal use of its product of which the manufacturer is or ought to be aware. (See, e.g., Cover v Cohen, 61 NY2d 261 [1984]; Cooley v Carter-Wallace Inc., 102 AD2d 642 [4th Dept 1984].) The standard for the adequacy of a warning is one of reasonableness. "[A] manufacturer’s standard of care includes the dissemination of such information, whether styled as warnings or instructions, *969 sis is appropriate for the safe use of its product. If warnings or instructions are required, the information provided must be adequate, accurate and effective.” (Antcliff v State Employees Credit Union, 414 Mich 624, 638, 327 NW2d 814, 820 [1982].)
Assuming the warning in this case was inadequate, that does not suffice to establish the cause of action. In addition, the injured plaintiff must, of course, prove that the inadequacy of the warning was a proximate cause of his injuries. Plaintiff faces a substantial burden on this aspect of the case.
As Crown argues, the presumption that a user would have heeded warnings can be rebutted by proof that an adequate warning would have been futile since plaintiff would not have read it. In this case, plaintiff James Power admitted in his deposition that he did not read the warning on the truck or in the operator’s manual.
There seems to be a paucity of decisions on this issue in New York and therefore the court has turned to precedent from State and Federal jurisdictions. In Squibb & Sons v Cox (477 So 2d 963, 971 [Sup Ct, Ala 1985]), the defendant manufacturer was absolved of liability for inadequate warning on an insulin bottle since "no amount of specificity would have protected this plaintiff, because he would not have read a warning.” The court held that a plaintiff who does not read an allegedly inadequate warning can maintain a cause of action on this theory only if the nature of the alleged inadequacy is such that it prevents him from reading the warning.
In further support of the movant’s position is Johnson v Niagara Mach. & Tool Works (666 F2d 1223 [8th Cir 1981]). There the court upheld a directed verdict and dismissed plaintiff’s claim for failure to warn because plaintiff had not read the warning on a power press molding. "[A]n issue as to the adequacy of a warning necessarily presupposes that the operator has read the warning” (supra, at 1225).
The theory behind the duty to warn is, of course, to protect a person who may be injured by a product by advising him in advance of dangers in its use. If a warning inadequately or incompletely informs the reader of the danger in question, the inadequacy of the warning cannot have been a proximate cause of the accident if the plaintiff did not read the warning at all. In such a case, the plaintiff himself has defeated the very purpose behind the duty to warn; he cannot fairly inveigh against the quality of a warning and seek money damages based on the defective warning when he never read *970 the label or manual in question and the defect, therefore, could not have contributed to his injury.
Where a plaintiff is illiterate or it is claimed that the warning label was not displayed with sufficient prominence, the situation would be different. These exceptions are not pertinent here. The facts show that nothing prevented plaintiff from reading the label, which he knew was there. He simply did not read it. Crown contends, and with some initial appeal, that such a finding means that plaintiff’s claim based upon failure to warn must collapse. There is, however, one factor of which Crown does not take adequate account.
Absent the two exceptions referred to above, if a plaintiff fails to read a warning label in a nonworkplace context, the plaintiff will be unable to prove proximate cause. This accident, though, unlike that in Squibb (supra),[2] happened in the workplace. The locus of the accident can constitute a qualification of the rule I have been discussing. Plaintiff here presumably had superiors to whom he was required to report and there presumably was a foreman and/or some executive in charge of the operations in which plaintiff was employed. Crown has not proven otherwise. Thus, it is possible that plaintiff may be able to prove at trial that the failure to warn was a proximate cause after all, this on the following theory: if a proper warning had been given, it could have come to the attention of officials of plaintiff’s employer or perhaps even fellow workers, who could have informed plaintiff of what he had not personally read. It is a fact of modern industrial life that safety directives are made general knowledge in just this fashion. (See, e.g., Ferebee v Chevron Chem. Co., 736 F2d 1529, 1539 [DC Cir], cert denied 469 US 1062 [1984].) Thus, depending upon what the evidence at trial ultimately shows, the jury may be able to conclude that there was proximate causation in this case.
The motion for summary judgment is denied.
[Portions of opinion omitted for purposes of publication.]

. The operator’s manual clearly warns drivers not to carry passengers on the lift, never to transport personnel on the forks or work platform and never to elevate anyone without a secured safety platform equipped with restraining devices.

. Johnson v Niagara Mach. & Tool Works (666 F2d 1223) did occur in a workplace setting but the court did not address the point I am making here.