(October 6, 2016)

■ IVANA PERAICA, as Administratrix for the Estate of Ivo J. PERAICA, Deceased, et al., Respondents, v A.O. SMITH WATER PRODUCTS Co. et al., Defendants, and CRANE Co., Appellant. [39 NYS3d 392]—

Judgment, Supreme Court, New York County (Martin Shulman, J.), entered December 3, 2013, after a jury trial, awarding plaintiffs $9,900,000 for past pain and suffering against defendant Crane Co., unanimously modified, on the facts, to vacate the award for past pain and suffering, and order a new trial as to such damages, unless plaintiffs stipulate, within 30 days of service of a copy of this order with notice of entry, to a reduced award for past pain and suffering of $4.25 million, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs. Appeal from order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered November 21, 2012, which denied Crane Co.'s motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The jury's verdict is based on sufficient evidence and is not against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]). The evidence adduced at trial demonstrates that, while defendant did not manufacture asbestos, for decades it heavily promoted the use of the type of asbestos insulation to which the decedent was exposed. Further, defendant often sold asbestos products along with its boilers and advertised asbestos as the preferred insulation product to use for its boilers. The evidence also shows that defendant was aware of the dangers of asbestos exposure well before the decedent's first exposure in the late 1970s, and that the decedent was never advised by defendant or his employers about those dangers. Accordingly, there is no reason to disturb the jury's determination that defendant had a legal obligation to warn workers such as the decedent of the hazards of asbestos exposure, and that defendant's failure to warn proximately caused the decedent's mesothelioma (*see Matter of New York Asbestos Litig.*, 27 NY3d 765 [2016] [*Dummitt*]).

In supplemental submissions filed after the Court of Appeals' ruling in *Dummitt*, defendant unpersuasively argues that the Court of Appeals created a new rule focused on the concept of "economic necessity" and that this rule should not be applied retroactively (*id.* at 797). *Dummitt*, however, applied existing

law and did not overrule controlling precedent. Indeed, the *Dummitt* decision cites precedent such as *Liriano v Hobart Corp.* (92 NY2d 232, 240-241 [1998]), which predates the trial in the instant case, and the *Dummitt* ruling specifically notes that "[t]he endorsement of a manufacturer's duty to warn against certain combined uses of its product and a third-party product comports with the long-standing public policy underlying products liability in New York" (*Dummitt* at 792). The Court of Appeals also states that its ruling is "no radical innovation" and is consistent with long-standing Appellate Division principles (*id.* at 795).

We reject defendant's contention that a new trial is required because the jury here was not specifically instructed that financial or economic necessity is a factor in establishing a duty to warn. Defendant's argument on this point, raised in its supplemental submissions, misreads *Dummitt*. The Court of Appeals did not create a standard that turns solely on the issue of economic necessity. Rather, it held that "the manufacturer of a product has a duty to warn of the danger arising from the known and reasonably foreseeable use of its product in combination with a third-party product which, as a matter of design, mechanics *or* economic necessity, is necessary to enable the manufacturer's product to function as intended" (*Dummitt* at 778 [emphasis added]).

At trial, plaintiffs argued that the asbestos insulation was practically necessary for defendant's boilers to operate, and by rendering a verdict in plaintiffs' favor, the jury necessarily resolved this issue against defendant. Furthermore, the evidence showed that for many years, defendant knew, based on its customers' needs, that valves used with its products would contain asbestos, and that even for products manufactured by others, defendant essentially assured its customers of the quality of those products.

Although the charge on the heeding presumption could have more clearly explained that the presumption is rebuttable (*Dummitt* at 805), no basis exists to reverse on this ground. There was a sufficient basis for the jury to conclude that decedent would have followed warnings if they had been there. The decedent testified that once he and his coworkers became aware of problems with asbestos, they considered preparations for masks and clothing. Later in his career, decedent used a respirator when one was provided to him in his employment.

The court correctly decided to submit the issue of recklessness to the jury. However, defendant's argument that the language of the court's instruction on the recklessness charge

was erroneous is unpreserved, as defendant "never objected to the terms of the disputed charge as given" (*see Dummitt* at 806 n 9), and we decline to reach the issue in the interest of justice. Were we to do so, we would find no reason to reverse in light of the evidence showing defendant's long-standing knowledge of the dangers of asbestos.

Plaintiffs' case was properly consolidated with seven other claims, and defendant was not unduly prejudiced by the consolidation (*see Matter of New York City Asbestos Litig.*, 111 AD3d 574 [1st Dept 2013]).

The jury's allocation of fault is supported by the evidence. Under the circumstances, however, we find that the award as reduced by the trial court, for past pain and suffering over a period of approximately 17 months, deviates materially from what is reasonable compensation to the extent indicated (CPLR 5501 [c]). We recognize that this Court's further-reduced damages award is significant and exceeds amounts set in some of our precedent. The jury and trial judge, who had an opportunity to hear the testimony firsthand, believed a substantial award was appropriate in light of the testimony about the extent of decedent's suffering. The record supports the conclusion that decedent experienced severe and crippling symptoms, as well as tremendous physical and emotional pain, which justifies the amount we are awarding.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz and Richter, JJ.