OPINION OF THE COURT
Bakbaka Jaffe, J.
On November 3, 2016, a jury trial commenced in this case against defendants Burnham LLC, Mario & DiBono Plastering Co., Inc., and Tishman Realty & Construction Co., Inc. On December 13, 2016, after the close of the evidence in the case, I granted Burnham’s motion for a trial order of dismissal, having denied plaintiffs’ request that I instruct the jury that it must presume that plaintiff Robert Castorina, decedent, would have heeded a warning about the hazards of asbestos, if given, and finding that absent any evidence that Castorina would have heeded such a warning, plaintiffs failed to offer sufficient evidence on the issue of proximate causation. This opinion explains my ruling.
I. Pertinent Background and Trial
Plaintiffs sued defendants Burnham, Mario & DiBono, and Tishman, and other entities which have since settled, claiming that exposure to asbestos from products manufactured or used by them caused Castorina to develop and die from lung cancer. Plaintiffs’ sole claim against Burnham was for strict products liability based on its alleged failure to warn plaintiff of the hazards of asbestos, which required that they “adduce proof that had a warning been provided, [Castorina] would have read the warning and heeded it.” (Mulhall v Hannafin, 45 AD3d 55, 61 [1st Dept 2007].)
It is not disputed that neither Castorina, in his deposition testimony, which was read to the jury, nor his wife, who testified at trial, indicated that Castorina would have heeded a warning, if given, as to the hazards of asbestos, nor was any other evidence offered to support that claim. At the charge conference, plaintiffs asked, inter alia, that the jury be instructed that it must be presumed, unless rebutted by defendant Burnham, that Castorina would have heeded a warning as to the hazards of asbestos had one been given.
*970 II. Contentions
Burnham asserted, without dispute, that Castorina, a heavy cigarette smoker for 50 years, never testified that he would have heeded a warning, if given, about the hazards of asbestos associated with a Burnham boiler. It also observed that Casto-rina had admitted that he never paid attention to any warning on cigarette packages, and that he continued to smoke cigarettes even though he had been repeatedly urged to stop following his diagnosis with lung cancer. As plaintiffs bore the burden of proving that Castorina’s injury was caused by Burn-ham’s failure to warn him of the dangers of asbestos, and such evidence was absent in the case, Burnham claimed that plaintiffs failed to prove the essential element of proximate causation. (Mem of law of defendant Burnham LLC in support of motion for directed verdict based on plaintiff’s failure to meet her burden of proof on proximate cause, Dec. 5, 2016 [defendant’s mem of law].)
Burnham argued that in several decisions, the Appellate Division, First Department, reiterated that in an asbestos-related case hinging on a defendant’s failure to warn, the plaintiff must introduce “affirmative” proof that he or she would have heeded a warning had one been given by the defendant.
Plaintiffs opposed the motion and complained of Burnham’s reliance on Castorina’s cigarette habit as evidence that he would not have heeded a warning as to the dangers of asbestos, if given, observing that the failure to heed cigarette warnings and the failure to heed asbestos warnings are not analogous. Thus, they argue that Castorina’s failure to heed warnings about cigarette smoking would solely raise a factual issue for the jury as to his comparative fault. They also maintained that a heeding presumption is given as a matter of New York law. (Mem of law in opposition to defendant Burnham LLC’s motion for directed verdict on issue of proximate cause, Dec. 12, 2016 [plaintiff’s mem of law].)
III. Analysis
Here, given the absence of any evidence that Castorina would have heeded a warning, if given, as to the hazards of asbestos, plaintiffs sought to satisfy their burden of proving proximate cause with an instruction to the jury that it must presume that he would have heeded a warning, if given. Consequently, it must first be determined whether there is state law authority for instructing a jury on the heeding presumption, and if so, *971 then whether such an instruction would have been appropriate in this case.
A, Is the heeding presumption part of the law in New York State?
“The presumption that a warning will be heeded is based on the assumption that persons exercise ordinary care for their own safety,” and “that a reasonable person will act appropriately if given adequate information.” (American Law of Products Liability 3d § 34:37 [2016].) The policy underlying the presumption is to “reinforce the basic duty to warn, [and] to encourage manufacturers to produce safer products,” and “[wjithout the presumption, recovery would be precluded in some cases, even where the evidence proved that the dangerous propensities of the product caused the plaintiffs injuries.” (Id.; see Liriano v Hobart Corp., 170 F3d 264, 271-272 [2d Cir 1999, Calabresi, J.] [Liriano II] [“law presumes normality” and requires defendant to adduce evidence that case is exception to “ordinary kind” of case where negligent act is not “deemed wrongful precisely because it has a strong propensity to cause the type of injury that ensued”].)
Evidentiary presumptions shift the burden of proof from one party to the other. (See Jerome Prince, Richardson on Evidence § 3-104 [Farrell 11th ed 1995].) The presumption therefore replaces or operates in place of evidence and relieves the party relying on the presumption of the duty to present evidence until and if the adversary has introduced evidence to rebut the presumption. (8 Carmody-Wait 2d § 56:17 [2016]; 57 NY Jur 2d, Evidence and Witnesses § 104 [2016].) Thus, the heeding presumption “establishes the plaintiffs prima facie case” and shifts the burden to the defendant to rebut it. (American Law of Products Liability 3d § 34:38 [2016].) The defendant then must prove that a warning would have been futile, meaning that even if a warning had been given, the plaintiff would not have heeded it. (See e.g. Aaron D. Twerski & Neil B. Cohen, Resolving the Dilemma of Nonjusticiable Causation in Failure-to-Warn Litigation, 84 S Cal L Rev 125, 136 [2010] [by endorsing heeding presumption, courts have disposed of causation as element of claim, “effectively applying enterprise liability to warning cases”].)
In Matter of New York City Asbestos Litig. (Dummitt), the Court of Appeals did not address the issue of the propriety of charging the jury with the heeding presumption as it was not preserved for appeal and, in any event, the plaintiff had of *972 fered affirmative evidence that he would have heeded a warning, if given. (27 NY3d 765, 805 [2016].) However, in dissent from the majority opinion of the Appellate Division affirming the verdict in Dummitt, two Justices not only stated that “regardless of what some trial courts and federal courts applying New York law may have held, this Court has never held such a presumption, whether rebuttable or not, to apply in a personal injury case based on a failure-to-warn theory” (121 AD3d 230, 260 [1st Dept 2014]), but also distinguished as dicta the Court’s observation in Union Carbide Corp. v Affiliated FM Ins. Co. (101 AD3d 434, 434 [1st Dept 2012]), that “New York law presumes that users will heed warnings provided with a product” (Dummitt, 121 AD3d at 261 n 6). Although the majority did not echo the dissent’s clear statement that the presumption is not part of New York State law, neither did it, or the Court of Appeals, take issue with it. (Cf. Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420, 423, 426-427 [1st Dept 2010] [failure-to-warn claim dismissed on summary judgment where no proof submitted that plaintiff would have read and heeded warning; majority did not address sole dissenting Justice’s reliance on Liriano II as authority for finding that heeding presumption established causal connection between failure to warn and injury notwithstanding plaintiff’s admission that he did not read warning]; Sosna v American Home Prods., 298 AD2d 158 [1st Dept 2002] [Court rejected plaintiff’s argument and affirmed summary dismissal of failure-to-warn claim where no proof submitted that plaintiff would have heeded warning; trial court record reflects that plaintiff’s argument was based on heeding presumption].)
Plaintiffs cite several state trial court cases where requests to instruct juries on the heeding presumption were granted, although they neither attach transcripts nor address the surrounding circumstances, such as whether the defendants objected to the instruction or whether the plaintiffs had offered evidence on the issue. Consequently, there is no basis for finding them persuasive. They also acknowledge that on the defendant’s unsuccessful appeal from a verdict in the plaintiff’s favor in Peraica v A.O. Smith Water Prods. Co., the Court noted that the plaintiff had offered evidence on which the jury could find that the decedent would have followed a warning. (143 AD3d 448, 450 [1st Dept 2016]; see also Matter of New York City Asbestos Litig., 143 AD3d 483, 484 [1st Dept 2016] [“Any *973 objection defendant could have made to the jury being charged with a presumption that decedent would heed warnings, if given,” was academic as decedent had testified that he would have followed warning].) And in the case in which I instructed the jury on the heeding presumption, the defendants had interposed no objection. (Terry v A.O. Smith Water Prods., Sup Ct, NY County, Mar. 10, 2014, index No. 190403/2012.) Similarly, in the Appellate Division cases cited here by Burn-ham, the Court did not address any aspect of the heeding presumption, either because of a defendant’s failure to preserve the issue or because there was no need to do so given affirmative evidence in the case that the decedent would have heeded a warning.
Notwithstanding plaintiffs’ insistence that the heeding presumption is part of the law of this state, there is no pattern jury instruction for it, nor any mention of it in the New York State Pattern Jury Instructions for Civil Cases (PJI). Rather, the Court of Appeals’ decision in Dummitt is cited in the PJI for the proposition that the plaintiff’s burden of proving proximate causation in a failure-to-warn case includes the burden of proving that he or she would have heeded the warning (NY PJI 2:120, Comment, III.B.). Given the “persuasive secondary authority” of the PJI (Acerra v Trippardella, 34 AD2d 927 [1st Dept 1970], appeal dismissed 29 NY2d 665 [1971]), the omission therein of the heeding presumption at least indicates that the presumption has not been unequivocally recognized as a part of our state law.
And yet some federal courts in New York, ruling on pretrial dispositive motions, have unequivocally stated that New York State courts recognize the heeding presumption. (See e.g. Williams v Arctic Cat, Inc., 2012 WL 6086912, *1, 2012 US Dist LEXIS 172843, *1-4 [ND NY, Dec. 6, 2012, No. 3:11-cv-445]; Adesina v Aladan Corp., 438 F Supp 2d 329, 338 [SD NY 2006]; GE Capital Corp. v A.O. Smith Corp., 2003 WL 21498901, *5, 2003 US Dist LEXIS 11178, *16-17 [SD NY, July 1, 2003, No. 01 Civ. 1849 LAP]; Anderson v Hedstrom Corp., 76 F Supp 2d 422, 441 [SD NY 1999] [relying on Liriano II]; but see Raney v Owens-Illinois, Inc., 897 F2d 94, 95 [2d Cir 1990] [New York courts recognize that causation may sometimes be inferred, rather than presumed, from facts and circumstances presented in order to determine whether warning would have been heeded].)
*974 In Liriano II, the Second Circuit observed that
“[w]hen a defendant’s negligent act is deemed wrongful precisely because it has a strong propensity to cause the type of injury that ensued, that very causal tendency is evidence enough to establish a prima facie case of cause-in-fact. The burden then shifts to the defendant to come forward with evidence that its negligence was not such a but-for cause . . .
“[I]t is up to the defendant to bring in evidence tending to rebut the strong inference, arising from the accident, that the defendant’s negligence was in fact a but-for cause of the plaintiff’s injury.” (170 F3d 264, 271.)
The Court relied on Martin v Herzog (228 NY 164 [1920]), Power v Crown Controls Corp. (149 Misc 2d 967 [Sup Ct, NY County 1990], revd other grounds 189 AD2d 310 [1st Dept 1993]), Restatement (Second) of Torts § 402A, and on the author’s own law review article, Guido Calabresi, Concerning Cause and the Law of Torts: An Essay for Henry Kalven, Jr. (43 U Chi L Rev 69 [1975]).
Although the court indicated that the burden of proof had shifted to the defendant to come forward with evidence as to causation, it used the term “strong inference,” rather than “presumption” (170 F3d 264, 271), without referencing Raney (897 F2d 94). An inference is different from a presumption. (Morejon v Rais Constr. Co., 7 NY3d 203, 210 [2006] [“courts have grown more sensitive to the differences between inferences and presumptions, recognizing that terminology can carry varying procedural implications”]; Raney, 897 F2d at 95 [recognizing distinction between inference and presumption]; 8 Carmody-Wait 2d § 56:18 [2016] [presumption is mandatory deduction resulting from relationship between known facts and those to be determined, while an inference permits but does not require factfinder to draw given conclusion from proven fact]; see American Law of Products Liability 3d § 34:37 [heeding presumption should be couched in terms of permissive inference].)
Additionally, the reliance of the Liriano II court on Martin v Herzog appears to be misplaced. In Martin, the New York State Court of Appeals held that as the defendant violated a statute requiring vehicle lights after dark, the trial court erred in not instructing the jury that the plaintiff buggy driver’s “unexcused omission of the statutory signals” after dark constituted prima *975 facie evidence of contributory negligence for a vehicle collision, and that the causal connection between the lack of signals and the collision “may be inferred.” (228 NY at 170-171.) In Liriano II, as in the case before me, there was no violation of a statute. Rather, in both Liriano II and in Castorina, the issue was the plaintiff’s burden of proof as to the defendant’s failure to warn and whether that burden may be satisfied by the heeding presumption, issues which were not addressed in Martin.
In Power v Crown Controls Corp., the other decision relied on in Liriano II, the motion court denied summary judgment to the defendant manufacturer, finding that although the plaintiff did not read the defendant’s warning, his employer or coworkers could have conveyed the warning to him, thereby restoring the causal connection between the defendant’s failure to warn and the plaintiff’s injury. (149 Misc 2d at 970, relying solely on Ferebee v Chevron Chem. Co., 736 F2d 1529, 1529 [DC Cir 1984], cert denied 469 US 1062 [1984].) To the extent that the motion court presumed that the plaintiff would have heeded a warning conveyed by others, the decision contains no indication that the presumption was in issue. Thus, as in the other trial court decisions cited by plaintiffs here, and notwithstanding Liriano II, Power is not persuasive.
In any event, I am not bound by federal decisions interpreting New York State law (see 28 NY Jur 2d, Courts and Judges § 230 [2016] [federal court decisions on question of state law not binding on state court]), and absent clear state authority for it, I cannot find that as a matter of New York state law, there is a blanket requirement that a jury be charged with the burden-shifting presumption that a plaintiff would have heeded a warning as to the hazards of asbestos, if given.
B. Should the jury have been instructed on the heeding presumption?
Even if the heeding presumption is required by state decisional law, there is authority for the proposition that it is restricted in its use to cases where the plaintiff is dead or otherwise unable to testify at a deposition or trial. (See McDarby v Merck & Co., Inc., 401 NJ Super 10, 949 A2d 223 [App Div 2008]; American Law of Products Liability 3d § 34:37.) In accord with that view, plaintiffs state in their papers in opposition to Burnham’s motion, without attaching a transcript, that the trial justice in Peraica v A.O. Smith Water Prods. Co. (Sup Ct, NY County, Nov. 7, 2013, Shulman, J., index No. 190339/ 2011),
*976 “explained that ‘there are cases across the board besides asbestos where you’re dealing with decedent plaintiffs who are never deposed. And co-worker and all that other stuff, no one can go into the mind of that particular plaintiff to determine whether that plaintiff would have been able to heed the warning.’ ” (Plaintiff’s mem of law at 5.)
And it bears observing that absent circumstances where a plaintiff decedent was not deposed or was unable to testify, the burden of proving that he or she would have heeded a warning is not onerous, as the burden is satisfied by the bare assertion of the plaintiff, a family member, a coworker or a friend that the plaintiff would have heeded a warning. (See e.g. Matter of New York City Asbestos Litig., 143 AD3d 483, 484 [1st Dept 2016] [plaintiff decedent offered evidence that he would have heeded warning]; Matter of New York City Asbestos Litig., 121 AD3d 230, 252-253 [1st Dept 2014], affd 27 NY3d 765 [2016] [same].)
Here, there being no indication or contention that plaintiffs were not given an ample opportunity to offer evidence that Castorina would have heeded a warning about the hazards of asbestos, a presumption that Castorina would have heeded a warning was unwarranted.
IV. Conclusion
Accordingly, it is hereby ordered that defendant Burnham LLC’s motion for a directed verdict dismissing the action against it is granted, and the clerk is directed to enter judgment in defendant’s favor.