Ford v A.O. Smith Water Prods. (2019 NY Slip Op 05089)





Ford v A.O. Smith Water Prods.


2019 NY Slip Op 05089


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, JJ.


190079/15 9722 9721

[*1]Noreen E. Ford, as Executrix of the Estate of Frank M. Gondar, Jr., Plaintiff-Respondent,
v
A.O. Smith Water Products, et al., Defendants, Burnham LLC, Defendant-Appellant.


Simpson Thacher & Bartlett LLP, New York (Michael J. Garvey of counsel), for appellant.
Belluck & Fox, LLP, New York (Seth A. Dymond of counsel), for respondent.



Judgment, Supreme Court, New York County (Martin Shulman, J.), entered August 21, 2017, upon a jury verdict against defendant Burnham LLC, and, after remittitur and stipulation by plaintiff, awarding plaintiff $5 million for past pain and suffering over a period of 17 months and $2 million for future pain and suffering for one month, unanimously modified, on the facts, to vacate the award for future pain and suffering and order a new trial of those damages, unless plaintiff stipulates, within 30 days after entry of this order, to reduce the award for future pain and suffering to $500,000, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
This litigation arises out of the decedent's exposure to asbestos over the course of 20 years from dust caused by the removal of asbestos insulation placed on defendant Burnham LLC's boilers. Plaintiff's experts' testimony was sufficient to establish that the quantities of asbestos in the dust to which the decedent was exposed were sufficient to cause his mesothelioma (see Matter of New York City Asbestos Litig., 154 AD3d 441, 441 [1st Dept 2017], lv denied 30 NY3d 909 [2018]; Matter of New York City Asbestos Litig., 143 AD3d 485, 486 [1st Dept 2016], affd 29 NY3d 1068 [2017]; Matter of New York City Asbestos Litig., 148 AD3d 233, 236 [1st Dept 2017], affd 32 NY3d 1116 [2018]).
Under the circumstances of this case, we find that the award for future pain and suffering deviates materially from what would be reasonable compensation (CPLR 5501[c]; see generally Matter of New York City Asbestos Litig., 121 AD3d 230, 255 [1st Dept 2014], affd 27 NY3d 1172 [2016]; Penn v Amchem Prods., 85 AD3d 475 [1st Dept 2011]). While plaintiff presented evidence at trial that the decedent's symptoms were becoming substantially worse and would continue to do so, the jury found that the decedent would live only one more month, and its award of damages for future pain and suffering were intended to provide compensation for that period (see CPLR 4111[e]).
However, we find that the award, as reduced by stipulation, for past pain and suffering over a period of approximately 17 months is not excessive (CPLR 5501[c]; Matter of New York City Asbestos Litig., 143 AD3d at 486; Peraica v A.O. Smith Water Prods. Co., 143 AD3d 448, 451 [1st Dept 2016], lv dismissed 28 NY3d 1167 [2017]; Matter of New York City Asbestos Litig., 154 AD3d at 441). The jury and the trial court, having had an opportunity to hear testimony firsthand, concluded that a substantial award was appropriate in light of the decedent's unique characteristics and the extent of his suffering. The record shows that the decedent's symptoms were severe, that he suffered from tremendous emotional and physical pain, and that he had been particularly active before the onset of symptoms.
The jury's verdict and allocation of 25% liability to Burnham, although Burnham did not actually manufacture the asbestos or distribute it directly, was not against the weight of
the evidence (see generally Matter of New York City Asbestos Litig., 143 AD3d at 485; Peraica, 143 AD3d at 451).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK