■ Maria Goodwin, Appellant, v Western Beef Retail, Inc., Respondent. [986 NYS2d 66]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about July 18, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleged in her bill of particulars, and testified at her deposition that she was injured when she slipped on an oily substance on the floor of defendant's grocery store. Defendant established prima facie its lack of constructive notice of the alleged dangerous condition with its porter's affidavit stating that he inspected the accident site a half hour prior to plaintiff's fall and that there were no slipping hazards present, together with

its manager's deposition testimony concerning cleaning and mopping routines (*Harrison v New York City Tr. Auth.*, 94 AD3d 512, 514 [1st Dept 2012]; *Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419 [1st Dept 2011]).

Contrary to defendant's contention, plaintiff's supplemental bill of particulars and affidavit in opposition to the summary judgment motion did not raise a new theory of liability concerning the condition of the floor; rather, they merely expanded on the original theory that plaintiff slipped on a foreign substance by alleging that "areas of missing or broken tiles allowed foreign substances to accumulate and remain on the floor." Nevertheless, because plaintiff did not contest defendant's evidence that it inspected for slipping hazards on the premises one-half hour before the accident but did not find any, she failed to raise a triable issue of fact (*see Kesselman v Lever House Rest.*, 29 AD3d 302, 303-304 [1st Dept 2006]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, DeGrasse and Feinman, JJ.