Matter of New York City Asbestos Litig. (2016 NY Slip Op 05066)





Matter of New York City Asbestos Litig.


2016 NY Slip Op 05066


Decided on June 28, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2016

Mazzarelli, J.P., Moskowitz, Manzanet-Daniels, Gesmer, JJ.


190114/13 -1162 1161 1160

[*1]In re New York City Asbestos Litigation 
Ralph P. North, Plaintiff-Respondent, 
Air & Liquid Systems Corporation successor by merger to Buffalo Pumps, Inc., et al., Defendants, National Grid Generation, LLC, Defendant-Respondent-Appellant, O'Connor Constructors, Inc., Defendant-Appellant-Respondent.


Coughlin Duffy LLP, New York (Kevin T. Coughlin of counsel), for appellant-respondent.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (John G. Nicolich of counsel), for respondent-appellant.
Levy Konigsberg LLP, New York (Jerome H. Block of counsel), for respondent. 



Judgment, Supreme Court, New York County (Martin Shulman, J.), entered January 28, 2015, after a jury trial, awarding plaintiff, inter alia, $3,500,000,00 in damages for future pain and suffering as against defendant National Grid Generation, LLC, unanimously affirmed, without costs. Order, same court and Justice, entered March 13, 2015, which granted National Grid's motion for summary judgment on its claim against defendant O'Connor Constructors, Inc. for indemnification, except for attorneys' fees, and denied O'Connor's motion for summary judgment dismissing National Grid's indemnification claim as against it, unanimously modified, on the law, to grant National Grid's motion as to attorneys' fees solely in connection with its defense against plaintiff's action, and otherwise affirmed, without costs.
The jury verdict is based on sufficient evidence and is not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). The evidence demonstrates that LILCO, defendant National Grid's predecessor in interest, issued detailed specifications directing contractors in the means and methods of mixing and applying asbestos-containing concrete and insulation at the power plant, thus supporting the jury's finding of a violation of Labor Law § 200 (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; compare Matter of New York City Asbestos Litig. [Brown], App. No. 205-206, ___ AD3d ___ [1st Dept 2016] [that Con Ed directed contractors to use insulation containing asbestos was not sufficient to constitute requisite supervision]). It is of no consequence that LILCO ensured that its directives were followed by supervising the superintendents, rather than by supervising the workers directly. Further, LILCO was admittedly in charge of trade coordination, i.e., directing the trades as to where and when to do their work, which resulted in plaintiff's working in close contact with the asbestos-dust-producing insulators (see Rizzuto v [*2]L.A. Wenger Contr. Co., 91 NY2d 343, 352-353 [1998]; compare Matter of New York City Asbestos Litig. (Brown), ___ AD3d ___ [1st Dept 2016] [Con Ed called for use of asbestos insulation in its contracts but neither specified the method of use or application nor acted as general contractor]).
The jury's finding that O'Connor, which settled with plaintiff before trial, was negligent but that its negligence was not a proximate cause of plaintiff's injuries and that LILCO was 100% responsible was a fair interpretation of the evidence in light of LILCO's supervision and control of the injury-producing activity (see Matter of New York Asbestos Litig. [Marshall], 28 AD3d 255 [1st Dept 2006]).
The award for future pain and suffering does not deviate materially from what would be reasonable compensation (CPLR 5501; see e.g. Matter of New York City Asbestos Litig. [Konstantin & Dummit], 121 AD3d 230, 255 [1st Dept 2014], motion to dismiss appeal denied 24 NY3d 1216 [2015]; Penn v Amchem Prods., 85 AD3d 475 [1st Dept 2011]).
While, as National Grid argues, it was error to permit the jury to deliberate on a theory of a defective condition of the premises under Labor Law § 200 and on the issue of LILCO's recklessness, these errors are harmless in light of the jury's other findings. Any error in the wording of the charge directing the jury not to find plaintiff's employers liable during the time he was employed by them is unpreserved.
The trial court correctly granted National Grid summary judgment on its claim against O'Connor for contractual indemnification (see Balbuena v New York Stock Exch., Inc., 49 AD3d 374, 376 [1st Dept 2008], lv denied 14 NY3d 709 [2010]; Urbina v 26 Ct. St. Assoc., LLC, 46 AD3d 268 [1st Dept 2007]). The clause in the contract between LILCO and O'Connor (which predates the enactment of General Obligations Law § 5-322.1) provided for indemnification of LILCO by O'Connor for "all losses, damages, claims, liens and encumbrances, or any or all of them, arising out of or in any way connected with the work," whether or not LILCO was negligent. The clause was triggered by the trial evidence. O'Connor's contention that National Grid is not a successor in interest to LILCO on the contract is without merit.
Although National Grid is not entitled to attorneys' fees incurred in prosecuting the indemnification claim against O'Connor (see Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989]), it is entitled to attorneys' fees incurred in defending against plaintiff's action (see e.g. DiPerna v American Broadcasting Cos., 200 AD2d 267 [1st Dept 1994]; Breed, Abbott & Morgan v Hulko, 139 AD2d 71 [1st Dept 1988], affd 74 NY2d 686 [1989]).
We have considered defendants' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2016
DEPUTY CLERK