Licata v AB Green Gansevoort, LLC (2018 NY Slip Op 01023)





Licata v AB Green Gansevoort, LLC


2018 NY Slip Op 01023


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Friedman, J.P., Andrias, Kapnick, Gesmer, JJ.


3320 112822/08

[*1]Michael Licata, et al., Plaintiffs-Appellants-Respondents,
v
AB Green Gansevoort, LLC, et al., Defendants-Respondents-Appellants, J.E.S. Plumbing & Heating Corp., et al., Defendants-Respondents.
Orion Mechanical Systems, Inc., Third-Party Plaintiff-Respondent,
v
Alfa Piping Corp., Third-Party Defendant-Respondent, Coastal Sheet Metal Corp., Third-Party Defendant.


Grey and Grey, LLP, Farmingdale (Sherman B. Kerner of counsel), for appellants-respondents.
Barry, McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for AB Green Gansevoort, LLC, Hotelsab, LLC, and Pavarini McGovern LLC, respondents-appellants.
Bartlett, McDonough & Monaghan, LLP, White Plains (David C. Zegarelli of counsel), for J.E.S. Plumbing & Heating Corp., respondent.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for Orion Mechanical Systems, Inc., respondent.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale (Michael T. Reagan of counsel), for Alfa Piping Corp., respondent.



Order, Supreme Court, New York County (Paul Wooten, J.), entered July 9, 2015, which granted defendants' and third-party defendant Alfa Piping Corp.'s respective motions for summary judgment, unanimously modified, on the law, to deny the cross motion of defendants AB Green Gansevoort, LLC, Hotelsab, LLC and Pavarini McGovern, LLC (collectively the owner defendants) insofar as they sought summary judgment dismissing plaintiff Michael Licata's (plaintiff) Labor Law § 241(6) claim against the owner defendants, and plaintiff's common-law negligence and Labor Law § 200 claims against Pavarini; and to deny the respective motions of defendants J.E.S. Plumbing & Heating Corp. and Orion Mechanical Systems, Inc. insofar as they sought summary judgment dismissing the owner defendants' contractual indemnification claims against them, and otherwise affirmed, without costs.
Plaintiff, a carpenter, was framing a bathroom on the 12th floor of the owner defendants' building. As he stepped backwards off the ladder on which he had been working, his left foot got "caught . . . like sandwiched" in an unmarked and uncovered hole in the floor. Plaintiff twisted backwards, injuring his knee, but stopped himself from falling to the ground by placing a hand [*2]out. Plaintiff then straightened himself and pulled his foot out of the hole.
Plaintiff testified that the inside of the room, which was either 12 feet by 15 feet or 15 feet by 18 feet, "was a little bit of a mess" with a pile of sheetrock, pipes and/or pieces of pipes and a "lot of garbage," including food, papers and stuff, on the floor. The hole was round and "maybe about six, eight-inch, nine-inch [in] circumference." It did not have any pipes in it, and went all the way through the concrete slab to the floor below.
Plaintiff did not see the hole before the accident. When asked if there was anything covering the hole when he set up the ladder, he replied: "There was garbage all over the floor. I don't recall. It's very possible. I don't recall." When pressed further on whether he saw anything covering the hole, he replied: "No, I don't — like I said, there was garbage. I don't know if it was covering the hole or not." When asked if he saw any cover for the hole in the room, like wood, he replied: "I didn't see any. Like I said there was a lot of stuff on the floor."
Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). To state a claim, the plaintiff must demonstrate that his or her injuries were proximately caused by a violation of a specific and applicable provision of the New York State Industrial Code (12 NYCRR § 23 et seq) (id. at 502; see also Ortega v Everest Realty LLC, 84 AD3d 542, 544 [1st Dept 2011]).
In support of his Labor Law § 241(6) claim against the owner defendants, plaintiff relies 12 NYCRR 23-1.7(e)(2), which states: "Working Areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."
12 NYCRR 23-1.7(e)(2) is sufficiently specific to sustain a claim under Labor Law § 241(6) (see Matter of 91st St. Crane Collapse Litig., 133 AD3d 478 [1st Dept 2015]; Smith v McClier Corp., 22 AD3d 369, 370 [1st Dept 2005]). Here, after plaintiff's foot got caught in a hole, he twisted, but was able to stop himself from falling to the floor. Plaintiff testified unequivocally that he did not see the hole before the accident. Although plaintiff could not state with certainty whether or not the garbage and debris actually covered the hole, when his extensive deposition testimony is viewed in its entirety, an inference may be drawn that strewn garbage and debris obscured his view of the floor and hid the hole from him, even if it did not actually cover it, thereby creating a hazardous condition. This theory was not newly raised for the first time in opposition to summary judgment (see Goodwin v Western Beef Retail, Inc., 117 AD3d 537, 538 [1st Dept 2014]). Thus, because strewn garbage and debris obstructing his view of the hole may have contributed to plaintiff's accident, defendants were not entitled to dismissal of his Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.7(e)(2) (Singh v Young Manor, Inc., 23 AD3d 249, 249 [1st Dept 2005] ["In light of the circumstances under which the accident occurred, i.e., plaintiff stepped on a nail near a pile of debris in the work area that had been permitted to accumulate for several days, Industrial Code (12 NYCRR) § 23-1.7 (e) (2) is applicable to support plaintiff's Labor Law § 241(6) claim"]).
Labor Law § 200 is a "codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Cruz v Toscano, 269 AD2d 122, 122 [1st Dept 2000] [internal quotation marks omitted]). "Where an existing defect or dangerous condition caused the injury, liability [under Labor Law § 200] attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Proof of the defendants' supervision and control over a plaintiff's work is not required (see Cordeiro v Midtown Holdings, LLC, 87 AD3d 904, 906 [1st Dept 2011]).
Pavarini is not entitled to dismissal of plaintiff's common- law negligence and Labor Law § 200 claims. Plaintiff testified that he was in the space the entire day and the area was filled with garbage, debris, dirt and material. It was Pavarini's responsibility to clean garbage on the site. While Pavarini's project executive and mechanical, electrical, and plumbing superintendent each testified that they never observed unprotected holes or tub drains in their walk-throughs, [*3]defendants point to no evidence that they did not have notice of the strewn garbage and debris that allegedly contributed to plaintiff's accident by obscuring such holes. Accordingly, Pavarini has failed to eliminate all triable issues of fact as to whether it had, or should have had, notice of the hazardous condition on the premises in reasonable time to correct it, and whether it performed its task of cleaning the site in an appropriate and correct manner.
Supreme Court correctly dismissed the common-law negligence claim against J.E.S. Plumbing. Although plaintiff argues that J.E.S. Plumbing is the only entity that could have removed the cover on the hole, which is the only grounds he raises in support of his negligence claim against that entity, there is no evidence that J.E.S. Plumbing left the hole uncovered.
The owner defendants are not entitled to common-law indemnification or contribution from contractors J.E.S. Plumbing, Orion, or Alfa, because there is no evidence that the contractors were negligent (see Martins v Little 40 Worth Assoc., Inc., 72 AD3d 483, 484 [1st Dept 2010]; see also Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603 [1988]). Because Alfa was not negligent, and because its sub-subcontract required it to defend the owner defendants only from damages arising from Alfa's work and caused by Alfa's negligence, the owner defendants are not entitled to contractual indemnification from Alfa.
However, J.E.S. Plumbing and Orion are subject to a far broader indemnification clause which provides, inter alia:
"A. To the greatest extent permitted by law, each Trade Contractor shall indemnify, defend, save and hold the Owner . . ., the Construction Manager . . . harmless from and against all liability, damage, loss, claims, demands and actions of any nature whatsoever, which arise out of or are connected with, or are claimed to arise out of or be connected with, Inter alia:
"1. The performance of work by the Trade Contractor, or any act or omission of Trade Contractor;
"2. Any accident or occurrence which happens, or is alleged to have happened, in or about the place where such work is being performed or in the vicinity thereof (a) while the Trade Contractor is performing the work, either directly or indirectly through a second tier trade contractor or material agreement, or (b) while any of the Trade Contractor's property, equipment or personnel are in or about such place or the vicinity thereof by reason of or as a result of the performance of the work."
The clause does not require negligence on the part of J.E.S. Plumbing and Orion as a condition to their indemnity obligations and could be triggered even in the absence of negligence by either of them (see Matter of New York City Asbestos Litig., 142 AD3d 408, 410 [1st Dept 2016], lv dismissed 28 NY3d 1178 [2017], lv denied 28 NY3d 915 [2017]; Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; Santos v BRE/Swiss, LLC, 9 AD3d 303 [1st Dept 2004]). J.E.S. Plumbing and Orion failed to establish that the pipes on the floor in the vicinity of the accident, as alleged by plaintiff, were not their property and did not result from their work. Thus, they have failed to conclusively demonstrate that paragraph A(2)(a) of the indemnity provision was not triggered. At a minimum, because plaintiff asserted direct claims against J.E.S. Plumbing and Orion, to the extent that the owner defendants incurred damages in defending this action, they are entitled to contractual indemnification for such damages up until dismissal of the claims against J.E.S. Plumbing and Orion. Accordingly, the owner defendants' [*4]contractual indemnification claims against J.E.S. Plumbing and Orion should be reinstated.
We have considered the appealing parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK