## Smith v Advance Auto Parts, Inc.

2024 NY Slip Op 33500(U)

September 27, 2024

Supreme Court, New York County

Docket Number: Index No. 190261/2016

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ADAM SILVERA**       PART     **13**

*Justice*

-----------------------------------------------------------------------X

CAROLINE SMITH, CAROLINE SMITH,

          Plaintiff,

- v -

ADVANCE AUTO PARTS, INC.,AIR & LIQUID SYSTEMS CORPORATION, ALCOA, INC.,ALCO PRODUCTS, INC.,ALPHA WIRE CORP., AMERICAN BILTRITE INC.,AMERICAN INSULATED WIRE CORP., A.O. SMITH WATER PRODUCTS COMPANY, AMERICAN STANDARD, INC.,ARMSTRONG INTERNATIONAL, INC.,ARMSTRONG PUMPS, INC.,ASBEKA INDUSTRIES, INC.,AURORA PUMP COMPANY, A.W. CHESTERTON CO., INC.,AWC 1997 CORP., BELDEN WIRE & CABLE CO., BORG WARNER CORPORATION, BURNHAM HOLDINGS, INC.,BW/IP, INC.,CARBORUNDUM INC.,CARRIER CORPORATION, CBS CORPORATION, CCX, INC.,CERTAINTEED CORPORATION, CIRCUIT BREAKER SALES, INC.,CLEAVER-BROOKS INC.,COOPER INDUSTRIES INC.,COURTER'S COMPANY, CRANE CO., CRANE PUMPS & SYSTEMS, INC.,CYTEC INDUSTRIES INC.,DANA CORPORATION, DEMING PUMPS, DUREZ CORPORATION, EATON ELECTRICAL, INC.,ELECTRIC SWITCHBOARD CO., INC.,ERICSSON, INC.,FEDERAL PACIFIC ELECTRIC COMPANY, FEDERAL PACIFIC EQUIPMENT INC.,FEDERAL PUMP COMPANY, FEDERAL PUMP CORPORATION, FISCHBACH & MOORE, INC.,FMC CORPORATION, FLUOR CORPORATION, FLOWSERVE CORPORATION, FORD MOTOR COMPANY, FORT KENT HOLDINGS, INC.,FOSTER WHEELER, LLC,GARDNER DENVER, INC.,GENERAL CABLE CORPORATION, GENERAL ELECTRIC COMPANY, GENERAL REFRACTORIES CO., GENERAL WIRE & CABLE, GENERAL WIRE PRODUCTS, INC.,GENUINE PARTS COMPANY, GEORGIA-PACIFIC LLC,GOULDS PUMPS INCORPORATED, GRAYBAR ELECTRIC COMPANY INC.,GRUNDFOS PUMPS CORPORATION, HATZEL & BUEHLER INC.,HENRY VOGT MACHINE CO., HONEYWELL INTERNATIONAL, INC.,HOWDEN BUFFALO, INC.,HUBBELL POWER SYSTEMS INC.,IMO INDUSTRIES, INC.,INGERSOLL RAND COMPANY, J.H. FRANCE REFRACTORIES CO., JOHNSON CONTROLS, INC.,KAISER GYPSUM INC.,KEYSPAN ENERGY CORPORATION, KING INSULATION INC.,LEVITON MANUFACTURING CO., LIGHTOLIER INC.,METROPOLITAN INSURANCE COMPANY, MINE

INDEX NO.     190261/2016

MOTION DATE     05/21/2024

MOTION SEQ. NO.     023

**DECISION + ORDER ON MOTION**

**190261/2016  SMITH, CAROLINE vs. ADVANCE AUTO PARTS, INC.**
Motion No.  023

**Page 1 of 5**

1 of 5

[* 1]

SAFETY APPLIANCES COMPANY, NATIONAL GRID, NATIONAL GRID GENERATOR, LLC,NATIONAL LIGHTING COMPANY, O'CONNOR CONSTRUCTORS, INC.,PEERLESS ELECTRIC COMPANY, PEERLESS INDUSTRIES, INC.,PENT AIR PUMP GROUP, INC.,PFIZER INC.,PLASTICS ENGINEERING COMPANY, PRESCOLITE, INC.,PROGRESS LIGHTING, INC.,RILEY POWER INC.,ROCKBESTOS SUPRENANT CABLE CORP., ROCKWELL AUTOMATION INC.,RSCC WIRE & CABLE, LLC,SCHNEIDER ELECTRIC CORP., SHELL OIL, SIEMENS ENERGY & AUTOMATION, INC.,SPIRAX SARCO, INC.,SQUARE D COMPANY, SPX COOLING TECHNOLOGIES, INC.,TACO, INC.,THE FULTON COMPANIES, THE OKONITE COMPANY, THE TRANE COMPANY, THE WM POWELL COMPANY, THERMO ELECTRIC CO., INC.,TREADWELL CORPORATION, TYCO FLOW CONTROL, INC.,TYCO VALVES & CONTROLS, INC.,UNION CARBIDE CORP., UNITED STATES STEEL CORPORATION, VELAN VALVE CORPORATION, VICTOR WIRE & CABLE CORP., VIKING PUMP CO., INC.,WARREN PUMPS, WEIL MCLAIN, YARWAY CORPORATION, YORK INDUSTRIES INC.,YORK INTERNATIONAL, YUBA HEAT TRANSFER, LLC,AC LIGHTING & ELECTRICAL SUPPLIES, LLC,COOPER CROUSE-HINDS, LLC; FOR ITS CHICO X BRAND PRODUCTS, GEICO CORPORATION, MACY'S, INC.,SEARS ROEBUCK & COMPANY, GOULD ELECTRONICS, INC. INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO GOULD., INC.,AS SUCCESSOR IN INTEREST TO I-T-E IMPERIAL CORP AND BULLDOG ELECTRIC PRODUCTS CO, EX-FM, INC. FORMERLY KNOWN AS FISCHBACH AND MOORE, INCORPORATED, LONG ISLAND POWER AUTHORITY, LONG ISLAND LIGHTING COMPANY

Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 023) 1045, 1046, 1047, 1048, 1049, 1050, 1051, 1052, 1053, 1054, 1055, 1056, 1057, 1058, 1059, 1060, 1061, 1062, 1063, 1064, 1065, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1077, 1078, 1079, 1080, 1081, 1082, 1083, 1093, 1095, 1099, 1100, 1102, 1104

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, it is ordered that defendant National Grid Generation

LLC d/b/a National Grid, incorrectly sued herein as KeySpan Energy Corporation, National

Grid, and National Grid Generator's (hereinafter referred to as "National Grid") motion for

190261/2016  SMITH, CAROLINE vs. ADVANCE AUTO PARTS, INC.
Motion No.  023

Page 2 of 5

[* 2]

summary judgment on its cross-claim for contractual indemnification is hereby denied for the reasons set forth below.

Here, defendant National Grid moves for summary judgment pursuant to a Decision/Order of this Court dated July 21, 2023 (Prior Decision) which denied moving defendant's prior motion (mot. seq. no. 018) for summary judgment without prejudice to re-file within 45 days after a verdict or settlement of this action. This case was settled on August 10, 2023 during a settlement conference. Defendant National Grid argues that, as successor to defendant Long Island Lighting Company (hereinafter referred to as "LILCO"), summary judgment should be granted against defendant Treadwell Corporation on defendant National Grid's cross-claim for contractional indemnification. Defendant Treadwell Corporation opposes and defendant National Grid replies.

The standards of summary judgment are well settled. To grant summary judgment, it must be clear that no material or triable issues of fact are presented. *See Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Once such entitlement has been demonstrated by the moving party, the burden shifts to the party opposing the motion to "demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure...to do [so]". *Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't

**190261/2016   SMITH, CAROLINE vs. ADVANCE AUTO PARTS, INC.**
**Motion No. 023**

Page 3 of 5

1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979).

Here, defendant National Grid has simply not met its burden. As discussed in the Prior Decision, issues of fact exist as to whether the indemnification clause in the July 29, 1965 agreement, and amended agreement dated March 1, 1966, between defendant LILCO and defendant Treadwell Corp. is triggered by the undisputed facts in this action. Plaintiff's additional submissions of sworn testimony of various Treadwell officers and Treadwell construction records do not resolve any issues of fact regarding defendants' work and plaintiff's exposure to asbestos. As movants failed to cure the deficiency and questions of fact remain, defendant National Grid's instant motion for summary judgment is hereby denied. The Court notes that defendant National Grid's reliance on *In Re New York City Asbestos Litigation, North Air & Liquid Sys. Corp.*, 142 AD3d 408 (1st Dep't 2016) is misplaced as the facts of such case were determined at trial. In the instant action, the facts have not been determined and issues of fact exist precluding summary judgment.

Accordingly, it is

ORDERED that defendant National Grid's motion for summary judgment seeking contractual indemnification from defendant Treadwell Corporation is denied in its entirety; and it is further

ORDERED that within 30 days of entry, defendant Treadwell Corporation shall serve a copy of this Decision/Order upon all parties with notice of entry.

This constitutes the Decision/Order of the Court.

| | |
|---|---|
| __9/27/2024__ | ADAM SILVERA, J.S.C. |
| DATE | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**190261/2016   SMITH, CAROLINE vs. ADVANCE AUTO PARTS, INC.**
**Motion No.  023**

Page 5 of 5

5 of 5