In the Matter of NEW YORK CITY ASBESTOS LITIGATION. MERLIN TAYLOR, Appellant, v A.C. & S., INC., et al., Defendants, and AMERICAN OPTICAL CORPORATION, Respondent. [757 NYS2d

293] —Order, Supreme Court, New York County (Helen Freedman, J.), entered August 20, 2002, which, upon reargument and reconsideration of two prior orders of the same court and Justice, granted defendant American Optical Corporation's motion for summary judgment to dismiss the complaint as against it, unanimously reversed, on the law, without costs, the motion for summary judgment denied and the complaint against American Optical Corporation reinstated.

This action arises out of the personal injuries and resulting death of plaintiff's decedent Gabriel Taylor (Taylor) as a result of his alleged exposure to asbestos-containing products manufactured by defendant American Optical Corporation (AO) during the course of his employment as a welder or a welder's assistant with various companies. In his deposition testimony and answers to interrogatories, Taylor asserted that, during the course of his employment from the 1970s through the 1990s, he used asbestos gloves, aprons and towels bearing AO's trademark. It is undisputed that AO ceased manufacturing asbestos products in 1976. In 1977, AO further ceased selling asbestos products and sold its safety product line to a successor company without the right to use the "AO" trademark.

Taylor claimed that he was first exposed to AO's asbestos products as a teenager in the Virgin Islands at Par Construction (Par) in 1974 and later at Hess Oil Refinery (Hess) in 1978. Such employment predates Taylor's Social Security records, which list his first job as commencing in 1975. Taylor later stated that he was exposed to AO's products at Dunhill Food Products (Dunhill) and another unspecified company from 1974 through 1979 in Brooklyn, New York. His Social Security records, however, indicate that Taylor worked at Dunhill, plus two other Brooklyn companies in 1981. Taylor further contended that he used AO's asbestos products at Babcock & Wilcox Company (Babcock) in Indiana from 1989 to about 1996. His Social Security records reveal that he worked there from 1989 through 1995.

In light of plaintiff's diminished burden of proof under *Noseworthy v City of New York* (298 NY 76 [1948]), the motion court erred in granting summary judgment dismissing the complaint against AO since the evidence identifying AO's asbestos products was sufficient to create a triable issue of fact, notwithstanding the inconsistencies in plaintiff's testimony.

The general import of Taylor's testimony was that he used AO's asbestos products during his various employments with some 29 companies in several different states. AO failed to proffer any evidence that its asbestos products were not being

used residually in the marketplace by various companies in the 1980s and 1990s, after it ceased manufacturing and selling such products. Further, in light of AO's admission that it was the only manufacturer of asbestos products bearing the "AO" mark, there was no possibility that the products allegedly used by Taylor bearing its trademark were produced by another company (*cf. Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596 [1996]). Furthermore, there was no evidence that Taylor's alleged employment as a teenager in the Virgin Islands at either Par or Hess was impossible. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Marlow, JJ. [Vacated 306 AD2d 202 (June 26, 2003).]