NATALIE B. LUSTENRING, Individually and as Executrix of JOHN K. LUSTENRING, Deceased, Respondent, v AC&S, INC., et al., Defendants, and JOHN CRANE, INC., Appellant. JOHN MATTESON et al., Respondents, v AC&S, INC., et al., Defendants, and JOHN CRANE, INC., Appellant. [786 NYS2d 20]—

Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 12, 2003, which, after a jury trial, awarded plaintiff Lustenring the total amount of $4,395,058, and judgment, same court and Justice, entered September 30, 2003, which, after the same jury trial, awarded plaintiff Matteson the total amount of $3,277,864.65, unanimously affirmed, without costs.

The evidence, fairly interpreted, permitted the verdicts reached by the jury (*see Matter of New York City Asbestos Litig.*

[*Brooklyn Naval Shipyard Cases*], 188 AD2d 214, 225 [1993], *affd* 82 NY2d 821 [1993]). Indeed, the evidence showed that both plaintiffs worked all day for long periods in clouds of dust raised specifically by the manipulation and crushing of defendant's packing and gaskets, which were made with asbestos. Valid expert testimony indicated that such dust, raised from asbestos products and not just from industrial air in general, necessarily contains enough asbestos to cause mesothelioma. Defendant's factual disagreement with plaintiffs' causation theory did not require a *Frye* hearing (*see Gayle v Port Auth. of N.Y. & N.J.*, 6 AD3d 183, 184 [2004]). The evidence also supported the verdict that defendant did not sustain its burden of showing that negligence by nonparty defendants was a significant cause of plaintiffs' injuries (*see Matter of New York City Asbestos Litig.* [*Ronsini v Garlock, Inc.*], 256 AD2d 250, 252 [1998], *lv denied* 93 NY2d 818 [1999], *cert denied sub nom. Worthington Corp. v Ronsini*, 529 US 1019 [2000]). We have reviewed defendant's remaining arguments for a new trial, respecting purportedly erroneous trial rulings, and find that any such errors did not deprive defendant of a fair trial. The damages do not deviate materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]). Concur—Sullivan, J.P., Ellerin, Lerner, Marlow and Catterson, JJ.