■ In the Matter of NEW YORK ASBESTOS LITIGATION. MARGARET MARSHALL, as Administratrix of the Estate of NOAH PRIDE, Deceased, Respondent, v JOHN CRANE, INC., Appellant. BERNARD MAYER, Respondent, v JOHN CRANE, INC., Appellant. [812 NYS2d 514]—

Judgment, Supreme Court, New York County (Paula J. Omansky, J.), entered December 13, 2004, which, after a jury trial, awarded plaintiff Margaret Marshall, as administratrix of the estate of Noah Pride, $8 million for past pain and suffering, unanimously modified, on the facts, the pain and suffering award vacated, and the matter remanded for a new trial solely on the issue of damages for past pain and suffering, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to reduce the award for pain and suffering to $3 million and to entry of an amended judgment in accordance therewith. Judgment, same court and Justice, entered December 13, 2004, which, after the same jury trial, awarded plaintiff Bernard Mayer $7 million for past pain and suffering and $7 million for future pain and suffering, unanimously modified, on the facts, the pain and suffering awards vacated, and the matter remanded for a new trial solely on the issue of damages, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service

of a copy of this order with notice of entry, stipulates to reduce the award for past pain and suffering to $3 million, and to reduce the award for future pain and suffering to $1.5 million, and to entry of an amended judgment in accordance therewith.

The evidence, fairly interpreted, permitted the liability verdicts reached by the jury (*see Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases]*, 188 AD2d 214, 225 [1993], *affd* 82 NY2d 821 [1993]). The evidence demonstrated that both plaintiffs were regularly exposed to dust from working with defendant's gaskets and packing, which were made of asbestos. The experts indicated that such dust from asbestos-containing products contained enough asbestos to cause mesothelioma. No *Frye* hearing was required (*see Lustenring v AC&S, Inc.*, 13 AD3d 69 [2004], *lv denied* 4 NY3d 708 [2005]). The evidence also permitted the jury to conclude that defendant had not sustained its burden of showing that the negligence of nonparty defendants was a significant cause of plaintiff's injuries (*see Matter of New York City Asbestos Litig.*, 256 AD2d 250, 252 [1998], *lv denied* 93 NY2d 818 [1999], *cert denied sub nom. Worthington Corp. v Ronsini*, 529 US 1019 [2000]), and that defendant had not met its burden of showing the proper amount of the equitable shares attributable to the other companies (*see id.*; *Zalinka v Owens-Corning Fiberglass Corp.*, 221 AD2d 830 [1995]; *Bigelow v Acands, Inc.*, 196 AD2d 436 [1993]). Defendant argues that damages for pain and suffering should be calculated on a per month basis. We reject this argument (*Reed v City of New York*, 304 AD2d 1, 7 [2003], *lv denied* 100 NY2d 503 [2003]). We have reviewed defendant's remaining arguments regarding the trial court's evidentiary rulings and find that defendant was not deprived of a fair trial by the claimed errors.

However, we find that the damage awards deviate materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]) to the extent indicated. Concur—Tom, J.P., Marlow, Gonzalez, Catterson and Malone, JJ.