■ Josephine Penn et al., Appellants, v Amchem Products et al., Defendants, and Kerr Corporation, Respondent. [925 NYS2d 28]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered June 1, 2009, which granted defendant-respondent Kerr Corporation's posttrial motion insofar as it sought to set aside the verdict and have judgment entered in its favor as a matter of law, and sub silentio denied the motion as academic, insofar as it alternatively sought a remittitur, unanimously reversed, on the law, without costs, the jury's

verdict on liability reinstated as against Kerr, and the matter remanded for a new trial solely on the issue of damages for past and future pain and suffering and loss of consortium, unless plaintiffs, within 30 days of service of a copy of this order with notice of entry, stipulate to reduce the award for past pain and suffering from $3,650,000 to $1,500,000, future pain and suffering from $10,900,000 to $2,000,000, and the award for loss of consortium from $1,670,000 to $260,000, and to entry of a judgment in accordance therewith.

Contrary to the trial court's finding, the evidence, viewed in the light most favorable to the prevailing plaintiffs (*see Matter of New York City Asbestos Litig.*, 256 AD2d 250, 250 [1998], *lv denied* 93 NY2d 818 [1999], *cert denied sub nom. Worthington Corp. v Ronsini*, 529 US 1019 [2000]), was sufficient to permit the jury to rationally conclude that the asbestos-containing dental liners to which the injured plaintiff (Penn) was exposed were distributed by Kerr. Such conclusion could be drawn from the evidence that Penn's dental technician school gave him boxes containing dental liners used to make prosthetic teeth that had Kerr's name on them; that Penn followed a chart specifically made for Kerr's casting ring product when given a box with Kerr's name on it; that Kerr supplied asbestos-containing dental liners to dental technician schools at the time Penn was a student; and that Kerr often packaged its casting ring product with its dental liners. That Penn's description of the dental liners he used differed from the descriptions given by Kerr's representatives does not conclusively establish that Penn did not use Kerr's liners, and simply raised a credibility issue for the jury.

On the issue of causation, sufficient evidence was provided by Penn's testimony that visible dust emanated while working with the dental liners and by his expert's testimony that such dust must have contained enough asbestos to cause his mesothelioma (*see Matter of New York Asbestos Litig.*, 28 AD3d 255, 256 [2006]). On the issue of duty to warn, evidence that Kerr did not test or investigate the safety of its asbestos liners permitted the jury to conclude that Kerr failed to adequately warn Penn of a potential danger that it knew or should have known about (*see George v Celotex Corp.*, 914 F2d 26, 28 [1990]).

Kerr's argument that the verdict is inconsistent in holding it but not Celotex and Nicolet liable is unpreserved, since it was not raised until after the jury was discharged, and we decline to consider it (*see Barry v Manglass*, 55 NY2d 803, 806 [1981]; *Gavitt v Citnalta Constr. Corp.*, 33 AD3d 406, 407 [2006]). We do note, however, that the jury need not have credited Kerr's repre-

sentative's testimony that Celotex and Nicolet supplied Kerr with prepackaged asbestos liners and rolls. Kerr's argument that plaintiffs' counsel's remarks on summation were improper is also unpreserved, since Kerr failed to object during summation, ask for curative instructions, or seek a mistrial with regard to them, and we decline to consider it (*see Wilson v City of New York*, 65 AD3d 906, 908 [2009]). Were we to consider it, we would find that while some remarks were improper, they were not so egregious as to warrant a new trial (*id.* at 909).

The damage awards deviate from what would be reasonable compensation to the extent indicated (CPLR 5501 [c]). Concur— Saxe, J.P., Friedman, Moskowitz and Abdus-Salaam, JJ.

---

The decision and order of this Court entered herein on May 11, 2010 (73 AD3d 493 [2010]) is hereby recalled and vacated (*see* 2011 NY Slip Op 75116[U] [2011] [decided simultaneously herewith]).