█ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. LARAINE SWEBERG, Individually and as Executrix of IVAN SWEBERG, Deceased, Respondent, v ABB, INC., et al., Defendants, and CRANE Co., Appellant. [39 NYS3d 411]—

Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 11, 2015, upon a jury verdict, awarding plaintiff damages against defendant Crane Co., including, upon remittitur (CPLR 5501 [c]) and stipulation by plaintiffs, $5 million for future pain and suffering over 1½ years, unanimously modified, on the facts, to vacate the award for future pain and suffering and order a new trial as to such damages, unless plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to a reduced award for future pain and suffering of $4.5 million, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 20, 2015, which granted Crane Co.'s motion pursuant to CPLR 4404 (a) to set aside the verdict, only to the extent of remitting the damages for future pain and suffering, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The jury's verdict is based on sufficient evidence and is not against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]). The evidence adduced at trial demonstrates that, while defendant did not manufacture asbestos, it promoted for decades the use of asbestos-containing materials for insulating its products. Defendant sold these asbestos-containing products alongside its own in its "house stores," marketing the materials in catalogs sent to its custom-

ers. The evidence also shows that defendant was aware of the dangers of asbestos exposure since the 1930's, and that decedent was never advised by defendant or his employers about those dangers. Finally, with regard to "practical necessity," Crane's own witness, while claiming that Crane's products did not require insulation to work mechanically, conceded that it would be extremely inefficient and a safety concern for users to operate its boilers without insulating them (*see Matter of New York City Asbestos Litig.*, 27 NY3d 765, 779-780, 801-802 [2016] [*Dummitt*]). Accordingly, it was rational for the jury to conclude that defendant had a legal obligation to warn workers such as the decedent of the hazards of asbestos exposure, and that defendant's failure to warn proximately caused the decedent's mesothelioma (*id.*).

Appellant's contention that the court's instructions to the jury on foreseeability were improper is unpreserved and we decline to review it in the interest of justice. Were we to do so, we would find any error to be harmless.

Plaintiff also set forth sufficient evidence that defendant's failure to warn was the proximate cause of decedent's injuries. Decedent testified that, over a period of years as an electrician working in the same rooms as defendant's boilers, he was exposed to dust created by, inter alia, installation, renovations, and demolition of those boilers and their asbestos-containing insulation. Decedent also testified that he had been regularly exposed to the dust created when mixing asbestos concrete powder for use as finishing insulation on the boilers. Decedent further testified that this dust filled the air and settled on everything in the room, including his clothes (*see Penn v Amchem Prods.*, 85 AD3d 475, 476 [1st Dept 2011]; *Matter of New York Asbestos Litig.*, 28 AD3d 255 [1st Dept 2006]). Plaintiff's expert testified that such exposure was the proximate cause of decedent's development of mesothelioma (*see Lustenring v AC&S, Inc.*, 13 AD3d 69 [1st Dept 2004], *lv denied* 4 NY3d 708 [2005]). Any objection defendant could have made to the jury being charged with a presumption that decedent would heed warnings, if given, is academic, since decedent testified that he would have followed such a warning (*see Asbestos Litig.*, 121 AD3d at 253).

The court correctly submitted the issue of recklessness to the jury. To the extent that defendant argues that the language of the court's instruction on the recklessness charge was erroneous, defendant has failed to preserve that issue for appellate review as defendant "never objected to the terms of the disputed charge as given" (*see Dummitt* at 806 n 9), and we

decline to reach the issue in the interest of justice. In any event, there would be no reason to reverse in view of defendant's long-standing knowledge of the dangers of asbestos. Under the circumstances, however, we find that the award for future pain and suffering deviates materially from what is reasonable compensation to the extent indicated (CPLR 5501 [c]). We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Acosta, Renwick and Richter, JJ.