■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. DORCAS HACKSHAW, Individually and as Executrix of SELWYN A. HACKSHAW, Deceased, Respondent; v ABB, INC., as Successor in Interest to ITE CIRCUIT BREAKERS, INC., et al., Defendants, and CRANE CO., Appellant. [39 NYS3d 130]—

Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 11, 2015, after a jury trial, awarding plaintiff damages against defendant Crane Co., upon plaintiff's stipulation to reduce the award for past pain and suffering from $10 million to $6 million, unanimously modified, on the facts, to vacate the award for past pain and suffering, and ordering a new trial as to such damages, unless plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to a reduced award for past pain and suffering of $3,000,000, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

The jury's verdict is based on sufficient evidence and is not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). The trial evidence demonstrates that, while defendant Crane did not manufacture asbestos, for decades it promoted the use of asbestos-containing materials for insulating its products. Defendant Crane sold these asbestos-containing products alongside its own products in its "house stores," marketing the materials in catalogs sent to its customers. The evidence also demonstrates that defendant had been aware of the dangers of asbestos exposure since the 1930s, and that the decedent was never advised by defendant or his employers about those dangers. In addition, since defendant's own witness conceded that it would be extremely inefficient and a safety concern for operators of its boilers to

operate them without insulating them, plaintiff satisfied the standard for liability recently articulated by the Court of Appeals in *Matter of New York City Asbestos Litig.* (27 NY3d 765 [2016]). Accordingly, it was rational for the jury to conclude that defendant had a legal obligation to warn workers such as the decedent of the hazards of asbestos exposure and that defendant's failure to warn proximately caused the decedent's mesothelioma (*id.*).

Defendant's contention that the court's instructions to the jury on foreseeability were improper is unpreserved and we decline to review it in the interests of justice. Were we to do so, we would find any error to be harmless.

Plaintiff also set forth sufficient evidence to demonstrate that defendant's failure to warn was the proximate cause of decedent's injuries. The decedent testified that he was employed both as a mechanic and as an electrician, working, over a period of years, with asbestos-containing insulation being removed from defendant's valves and mixing asbestos-containing insulation cement, both of which generated asbestos dust that could be seen flying in the air (*see Penn v Amchem Prods.*, 85 AD3d 475, 476 [1st Dept 2011]; *Matter of New York Asbestos Litig.*, 28 AD3d 255, 256 [1st Dept 2006]). Plaintiff's expert testified that that dust contained enough asbestos to cause the decedent's mesothelioma (*see Lustenring v AC&S, Inc.*, 13 AD3d 69, 70 [1st Dept 2004], *lv denied* 4 NY3d 708 [2005]).

It was rational for the jury to conclude that defendant acted recklessly in light of the evidence showing its long-standing knowledge of the dangers of asbestos.

We find that the award, as reduced by stipulation, for past pain and suffering over a period of approximately 12 months, deviates materially from what is reasonable compensation to the extent indicated (CPLR 5501 [c]). Although this Court's damages award is significant and exceeds amounts set in some of our precedents, the jury and trial judge, who had an opportunity to hear the testimony firsthand, concluded that a substantial award was appropriate in light of the testimony about the extent of decedent's suffering. The record suggests the conclusion that decedent experienced severe and crippling symptoms, as well as tremendous physical and emotional pain, which justifies the amount we are awarding.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.