# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**458**

**CA 16-02017**

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

NICHOLAS DOMINICK AND LORRAINE J. DOMINICK,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

CHARLES MILLAR & SON CO., CHARLES MILLAR
SUPPLY, INC., MILLAR SUPPLY, INC., PACEMAKER
MILLAR STEEL & INDUSTRIAL SUPPLY COMPANY, INC.,
INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
CHARLES MILLAR & SON SUPPLY, INC., PACEMAKER
MILLAR STEEL & INDUSTRIAL SUPPLY OF BINGHAMTON, INC.,
PACEMAKER STEEL & ALUMINUM OF BINGHAMTON CORP.,
PACEMAKER STEEL AND PIPING CO., INC., INDIVIDUALLY
AND AS SUCCESSOR TO CHARLES MILLAR, PACEMAKER STEEL
WAREHOUSE INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(APPEAL NO. 2.)

---

BOIES, SCHILLER & FLEXNER LLP, ALBANY (GEORGE F. CARPINELLO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

BELLUCK & FOX, LLP, NEW YORK CITY (SETH A. DYMOND OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Oneida County
(Charles C. Merrell, J.), entered March 22, 2016. The judgment, among
other things, awarded plaintiff money damages.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries sustained by Nicholas Dominick (plaintiff) from his exposure
to asbestos. Plaintiff Lorraine J. Dominick abandoned her loss of
consortium claim at the ensuing trial. Defendants-appellants (Millar
defendants) appeal from a judgment entered upon a jury verdict finding
that plaintiff was exposed to asbestos from products supplied by the
Millar defendants, that they failed to exercise reasonable care by not
providing a warning about the hazards of exposure to asbestos with
respect to their products, and that their failure to warn was a
substantial contributing factor in causing plaintiff's injuries.

Contrary to the contention of the Millar defendants, the evidence
is sufficient to establish that asbestos in products they supplied was

a substantial factor in causing or contributing to plaintiff's injuries (*see Barnhard v Cybex Intl., Inc.*, 89 AD3d 1554, 1555). There is a valid line of reasoning and permissible inferences that could lead rational persons to the conclusion reached by the jury based upon the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499). Plaintiff testified that he was exposed to asbestos dust from asbestos boards and cement supplied by the Millar defendants that were used in the heat treat area of a pneumatic-tool making plant. The hypothetical question that plaintiff asked his expert was based on plaintiff's testimony or was otherwise "fairly inferable from the evidence" (*Tarlowe v Metropolitan Ski Slopes*, 28 NY2d 410, 414; *see Czerniejewski v Stewart-Glapat Corp.*, 269 AD2d 772, 772-773).

With respect to specific causation, the Court of Appeals held in *Parker v Mobil Oil Corp.* (7 NY3d 434, 448, *rearg denied* 8 NY3d 828) that the expert opinion must set forth that the plaintiff "was exposed to sufficient levels of the toxin to cause the [injuries]" (*see Sean R. v BMW of N. Am., LLC*, 26 NY3d 801, 808). However, as the Court of Appeals later wrote, "*Parker* explains that 'precise quantification' or a 'dose-response relationship' or 'an exact numerical value' is not required to make a showing of specific causation" (*Cornell v 360 W. 51st St. Realty, LLC*, 22 NY3d 762, 784, *rearg denied* 23 NY3d 996). There simply " 'must be evidence from which the factfinder can conclude that the plaintiff was exposed to levels of [the] agent that are known to cause the kind of harm that the plaintiff claims to have suffered' " (*id.*). Here, plaintiff's expert opined that, if a worker sees asbestos dust, that is a "massive exposure . . . capable of causing disease." Contrary to the Millar defendants' contention, the expert's opinion, considered along with the rest of her testimony, was sufficient to establish specific causation (*see Matter of New York City Asbestos Litig.*, 143 AD3d 483, 484; *Matter of New York City Asbestos Litig.*, 143 AD3d 485, 486; *Penn v Amchem Prods.*, 85 AD3d 475, 476).

We reject the Millar defendants' contention that Supreme Court abused its discretion in precluding them from calling certain witnesses. Plaintiff moved in limine to preclude the testimony of eight of plaintiff's former coworkers on the ground that the Millar defendants' disclosure of those witnesses was untimely. The court exercised its sound discretion in limiting the Millar defendants to calling just two of the witnesses inasmuch as the testimony of the remaining coworkers would be cumulative (*see Cor Can. Rd. Co., LLC v Dunn & Sgromo Engrs., PLLC*, 34 AD3d 1364, 1365). The court also properly denied the motion of the Millar defendants for leave to renew or reargue their opposition to the motion in limine inasmuch as they again failed to show that the testimony of the remaining coworkers would not be cumulative.

We reject the Millar defendants' contention that the jury's apportionment of fault is against the weight of the evidence (*see Matter of Eighth Jud. Dist. Asbestos Litig.* [appeal No. 4], 141 AD3d 1127, 1128). Indeed, they "did not meet [their] burden of

establishing the equitable shares of fault attributable to other tortfeasors in order to reduce [their] own liability for damages" (*id.; see Matter of New York Asbestos Litig.*, 28 AD3d 255, 256). Finally, we reject the Millar defendants' contention that the award of $3 million for future pain and suffering for one year deviates materially from what is reasonable compensation (*see* CPLR 5501 [c]; *New York City Asbestos Litig.*, 143 AD3d at 483, 485).

Entered:  April 28, 2017                          Frances E. Cafarell
                                                  Clerk of the Court