Matter of Murphy-Clagett v A.O. Smith Corp. (2019 NY Slip Op 04870)





Matter of Murphy-Clagett v A.O. Smith Corp.


2019 NY Slip Op 04870


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


190311/15  9634B 9634A 9634

[*1]Mary Murphy-Clagett, etc., Plaintiff-Respondent,
v
A.O. Smith Corporation, et al., Defendants-Appellants, AERCO International, Inc., et al., Defendants.


Quinn Emanuel Urquhart & Sullivan, LLP, New York (Kathleen M. Sullivan of counsel), for A.O. Smith Water Products, sued herein as A.O. Smith Corporation, appellant.
Clyde & Co US LLP, New York (Peter J. Dinunzio of counsel), for Burnham LLC, appellant.
Brennan Law Firm PLLC, New York (Kerry A. Brennan of counsel), for Peerless Industries, Inc., appellant.
Simmons Hanly Conroy LLC, New York (James M. Kramer of counsel), for respondent.



Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 30, 2019, upon a jury verdict awarding $25 million for the decedent's pain and suffering, $17 million to the decedent's son for loss of parental guidance, and $18 million to the decedent's daughter for loss of parental guidance, to the extent appealed from as limited by the briefs, upon plaintiff's stipulation to reduce the damages awards, awarding $10 million for the decedent's pain and suffering, $9 million to the decedent's son for loss of parental guidance, and $10 million to the decedent's daughter for loss of parental guidance, unanimously modified, on the facts, to direct a new trial on damages unless plaintiff stipulates, within 30 days after the date of entry of this order, to further reduce the award for the decedent's pain and suffering to $4 million, the award for loss of parental services for the decedent's son to $1 million, and the award for loss of parental services for the decedent's daughter to $1 million, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered December 16, 2018, October 1, 2018, on or about September 25, 2018, and on or about September 21, 2018, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.
The jury's finding that, Pietro Macaluso, plaintiff's decedent was exposed to asbestos from the products manufactured by defendants is supported by legally sufficient evidence. The trial court properly permitted Macaluso to refresh his recollection with a list of manufacturers that he helped his counsel draw up in preparation for responding to interrogatories, and the issue whether his memory was properly refreshed was a matter of credibility for the jury to resolve (People v Phillibert, 99 AD3d 531 [1st Dept 2012], lv denied 20 NY3d 1014 [2013]). The evidence adduced by defendant A.O. Smith Water Products Company was not dispositive as to whether plaintiff was exposed to its product (see Penn v Amchem Prods., 85 AD3d 475 [1st Dept 2011]; Taylor v A.C. & S., Inc., 306 AD2d 202 [1st Dept 2003]). The court's preclusion of [*2]defendant Burnham LLC from producing a witness from a similarly named company was harmless error in light of the court's admitting other evidence about that company and the possibility of "mistaken identity."
The jury's finding of recklessness is supported by legally sufficient evidence, and is not against the weight of the evidence (see Matter of New York City Asbestos Litig., 121 AD3d 230, 247-248 [1st Dept 2014], affd 27 NY3d 1172 [2016], 27 NY3d 765 [2016]). The court correctly omitted settling defendant Johns-Manville from the verdict sheet, as defendants failed to show that any of the products the decedent was exposed to contained asbestos manufactured by Johns-Manville (see Bigelow v Acands, Inc., 196 AD2d 436, 438 [1st Dept 1993]).
Plaintiff's expert testimony was sufficient to establish that the decedent's demolition of defendants' boilers resulted in exposure to asbestos dust in sufficient quantities to cause the decedent's mesothelioma (see Matter of New York City Asbestos Litig. [Miller], 154 AD3d 441 [1st Dept 2017], lv denied 30 NY3d 909 [2018]). The court properly precluded evidence of an experiment conducted by a defense expert, as the conditions under which the experiment was performed were not sufficiently similar to those experienced by the decedent during his exposure, and thus the evidence could have misled the jury (see Bradshaw v Lenox Hill Hosp., 158 AD3d 427 [1st Dept 2018]).
The evidence that the boilers contained asbestos-containing products from third parties, and/or that asbestos-containing products would be used in conjunction with defendants' products, was sufficient to render appropriate a jury charge on the duty to warn, and the content of the court's charges on the issue of duty was correct (see e.g. Matter of New York City Asbestos Litigation [Sweberg], 2015 NY Slip Op 30043[U], *5-7 [Sup Ct, NY County 2015], mod on other grounds 143 AD3d 483 [1st Dept 2016], lv dismissed 28 NY3d 1165 [2017]).
However, we find that the damages award for the decedent's pain and suffering must be reduced as it deviates materially from what would be reasonable compensation (CPLR 5501[c]; see New York City Asbestos Litig. [Miller], 154 AD3d at 441; Penn v Amchem Prods., 85 AD3d at 475). Although this reduced award is "significant and exceeds amounts set in some of our precedents," it is supported by decedent's "severe and crippling symptoms" and "tremendous physical and emotional pain"] (Matter of New York City Asbestos Litigation [Hackshaw], 143 AD3d 485, 486 [1st Dept 2016], affd 29 NY3d 1068 [2017]). The awards for loss of parental guidance to the decedent's children also deviate materially from what would be reasonable compensation (see Adderley v City of New York, 304 AD2d 485 [1st Dept 2003], lv denied 100 NY2d 511 [2003]; Grevelding v State of New York, 132 AD3d 1332 [4th Dept 2015], lv denied 27 NY3d 905 [2016]; Vasquez v County of Nassau, 91 AD3d 855 [2d Dept 2012]). We thus remand for a new trial on damages unless plaintiff stipulates to reduce the awards as indicated.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK