Matter of Eighth Jud. Dist. Asbestos Litig. (2020 NY Slip Op 05621)





Matter of Eighth Jud. Dist. Asbestos Litig.


2020 NY Slip Op 05621


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


412 CA 19-01975

[*1]IN THE MATTER OF EIGHTH JUDICIAL DISTRICT ASBESTOS LITIGATION
LYNN M. STOCK, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JAMES G. STOCK, DECEASED, PLAINTIFF-RESPONDENT-APPELLANT, 
 v
AIR & LIQUID SYSTEMS CORP., AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC., ET AL., DEFENDANTS, AND JENKINS BROS., DEFENDANT-APPELLANT-RESPONDENT. 






CLYDE & CO US LLP, NEW YORK CITY (PETER J. DINUNZIO OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
BELLUCK & FOX, LLP, NEW YORK CITY (SETH A. DYMOND OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered April 25, 2019. The order denied the posttrial motions of defendant Jenkins Bros. and plaintiff. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Lynn M. Stock (plaintiff) and her husband, James G. Stock (decedent), commenced this action seeking damages for injuries sustained by decedent as a result of his exposure to asbestos. Following a trial, the jury returned a verdict finding, inter alia, that decedent was exposed to asbestos products made by Jenkins Bros. (defendant), that defendant failed to exercise reasonable care by not providing a warning about the hazards of exposure to asbestos with respect to its products, and that its failure to warn was a substantial contributing factor in causing decedent's injuries. Defendant appeals and plaintiff cross-appeals from an order denying their respective motions pursuant to CPLR 4404 to set aside various aspects of the jury verdict. We note, initially, that decedent passed away during the pendency of this appeal, and plaintiff has been substituted as the executrix of his estate.
Contrary to defendant's contention on its appeal, the evidence is legally sufficient to establish that asbestos in products it manufactured was a substantial factor in causing or contributing to decedent's injuries (see Dominick v Charles Millar & Son Co. [appeal No. 2], 149 AD3d 1554, 1555 [4th Dept 2017], lv denied 30 NY3d 907 [2017]). There is a valid line of reasoning and permissible inferences that could lead rational persons to the conclusion reached by the jury based upon the evidence presented at trial (see generally Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Doolittle v Nixon Peabody LLP, 155 AD3d 1652, 1654 [4th Dept 2017]). Although, to prove specific causation, plaintiff and decedent were required to establish that decedent "was exposed to sufficient levels of the toxin to cause" his alleged injuries, "it is not always necessary for a plaintiff to quantify exposure levels precisely or use the dose-response relationship" (Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006], rearg denied 8 NY3d 828 [2007]; see Sean R. v BMW of N. Am., LLC, 26 NY3d 801, 808-809 [2016]). There simply "must be evidence from which the factfinder can conclude that the plaintiff was exposed to levels of [the] agent that are known to cause the kind of harm that the plaintiff claims to have suffered" [*2](Sean R., 26 NY3d at 809 [internal quotation marks omitted]; see Dominick, 149 AD3d at 1555). Such evidence may include an expert's use of estimates generated by mathematical models taking a plaintiff's work history into account, or the use of "more qualitative means" to determine the level of a plaintiff's exposure, such as comparing the plaintiff's exposure level "to the exposure levels of subjects of other studies" (Parker, 7 NY3d at 449).
Here, decedent testified at trial that, while performing work involving component parts of defendant's products, i.e., gaskets and packing, he was exposed to visible asbestos dust on a routine basis. In addition, his expert opined that, based in part on her review of studies of workers involved in tasks similar to those performed by decedent, decedent's exposure to such visible dust was a substantial contributing factor to the development of his mesothelioma. Contrary to defendant's contention, the expert's opinion, considered along with the rest of her testimony, was sufficient to establish specific causation (see Dominick, 149 AD3d at 1555-1556; Matter of New York City Asbestos Litig., 143 AD3d 483, 484 [1st Dept 2016], lv dismissed 28 NY3d 1165 [2017], rearg denied 29 NY3d 992 [2017]; Penn v Amchem Prods., 85 AD3d 475, 476 [1st Dept 2011]). We reject defendant's contention that the Court of Appeals' decision in Matter of New York City Asbestos Litig. (32 NY3d 1116 [2018]) compels a different result under the facts of this case, and we similarly reject defendant's contention that Supreme Court misapplied the applicable law. Thus, we reject defendant's contention that it is entitled to a new trial.
Finally, we also reject plaintiff's contention on her cross appeal that the court erred in failing to list her loss of decedent's future household services as a separate itemized question on the jury verdict sheet. Contrary to plaintiff's contention, the verdict sheet provided a line item for future "loss of [decedent's] services and society," and the court properly charged the jury regarding that item of damages and was not required to distinguish between loss of
services and loss of society as two separate items of damages (see PJI 2:315).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court