Small v City of New York (2023 NY Slip Op 00749)

Small v City of New York

2023 NY Slip Op 00749

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., González, Scarpulla, Rodriguez, JJ. 

Index No. 23325/03 Appeal No. 17296 Case No. 2021-00539 

[*1]Marietta Small etc., et al., Plaintiffs-Appellants-Respondents,
v
The City of New York et al., Defendants-Respondents-Appellants.

Rubert & Gross, P.C., Brooklyn (Soledad Rubert of counsel), for appellants-respondents.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Popolow of counsel), for respondents-appellants.

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about March 16, 2020, which granted defendants' motion to the extent of setting aside the jury's verdict unless plaintiffs stipulate to a reduction of the total award of $22 million to $4.5 million, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in conditionally reducing the jury's total damages award to make it consistent with the compensation allowed in similar cases (see Donlon v City of New York, 284 AD2d 13, 14—16 [1st Dept 2001]). As to the reduction of the pain and suffering award from $8 million to $2.75 million, decedent suffered similar physical and emotional pain as in Matter of New York City Asbestos Litig. (143 AD3d 485, 486 [1st Dept 2016], affd 29 NY3d 1068 [2017]), but over a far shorter time period, which rendered the reduction to a comparable amount reasonable. The reduction of the fear of impending death award from $8 million to $500,000 was also appropriate given decedent's fear lasted between several hours and two days (cf. Matter of New York City Asbestos Litig., 143 AD3d 485 [12 months of emotional pain from impending death]; Matter of New York City Asbestos Litig., 173 AD3d 529, 530-531 [1st Dept 2019] [15 months of emotional pain from impending death]; see also Mancuso v Kaleida Health, 172 AD3d 1931, 1936 [4th Dept 2019], affd 34 NY3d 1020 [2019]). Contrary to defendants' argument, this separate line item was properly included on the verdict sheet. 
With respect to the loss of parental guidance award, the reduction to $1.25 million was appropriate (see Matter of New York City Asbestos Litig., 173 AD3d at 530-531; Adderley v City of New York, 304 AD2d 485, 486 [1st Dept 2003], lv denied 100 NY2d 511 [2003]), as decedent aspired to provide guidance and support to his daughter at some unspecified point in the future.
Plaintiffs' purported appeal of Supreme Court's trial order dismissing their 42 USC §§ 1983 and 1988 claims must be dismissed for lack of jurisdiction, as taken from a nonappealable paper (see Prince v O'Brien, 256 AD2d 208, 212 [1st Dept 1998]; Clemons v Schindler El. Corp., 87 AD3d 452, 453-454 [1st Dept 2011]). Were we to consider the merits, the dismissal would be affirmed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023