Matter of New York City Asbestos Litig. (2025 NY Slip Op 01425)

Matter of New York City Asbestos Litig.

2025 NY Slip Op 01425

Decided on March 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 190378/18|Appeal No. 3894-3895-3895A|Case No. 2024-05281, 2024-06268|

[*1]In the Matter of New York City Asbestos Litigation.
Romeo Maffei, Plaintiff-Respondent, Rosa Maffei, Plaintiff,
A.O. Smith Water Products Co., et al., Defendants, Burnham LLC, Defendant-Appellant.

Simpson Thacher & Bartlett LLP, New York (Michael J. Garvey of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Pierre A. Ratzki of counsel), for respondent.

Judgment, Supreme Court, New York County (Mary V. Rosado, J.), entered September 17, 2024, upon a jury verdict, in favor of plaintiffs and against defendant Burnham LLC, awarding plaintiff Romeo Maffei $6.6 million for past pain and suffering and $19.9 million for future pain and suffering over 17.5 years, plaintiff Rosa Maffei $2 million for past loss of consortium and $3 million for future loss of consortium, and $6.5 million in punitive damages, and bringing up for review an order, same court and Justice, entered July 22, 2024, which denied Burnham's motion to set aside the verdict and direct that judgment be entered in its favor as a matter of law or, alternatively, as against the weight of the evidence or in the interest of justice, or, alternatively, to reduce the damages awards as excessive, unanimously affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Contrary to Burnham's contention, the testimony of plaintiffs' expert industrial hygienist and thoracic surgeon was sufficient to establish specific causation under the applicable standard (see Matter of New York City Asbestos Litig. [McWilliams], 224 AD3d 597, 597-598 [1st Dept 2024], lv dismissed 42 NY3d 1030 [2024]; Sason v Dykes Lbr. Co., Inc., 221 AD3d 491 [1st Dept 2023]).
The trial court did not improvidently exercise its discretion in precluding Burnham from cross-examining plaintiffs' expert thoracic surgeon regarding exposure to asbestos from other alleged tortfeasors' products on the basis that Burnham did not establish specific causation against any other such alleged tortfeasors (Matter of New York City Asbestos Litig. [Idell], 164 AD3d 1128, 1129 [1st Dept 2018], appeal dismissed 32 NY3d 1186 [2019]).
There is ample support for the conclusions that Burnham acted with reckless disregard and that this was a case "involving an improper state of mind or malice or . . . wrongdoing to the public" (Maffei v A.O. Smith Water Prods. Co., 210 AD3d 537, 537 [1st Dept 2022] [citation and internal quotation marks omitted]). The record establishes that Burnham used asbestos in its products despite knowing full well, very early on, about the danger it posed, and without warning of that danger. We acknowledge that this has been established against Burnham in prior cases as well (see e.g. Matter of New York City Asbestos Litig. [Assenzio], 2015 NY Slip Op 30201[U] [Sup Ct, NY County 2015]).
The jury's awards to Romeo of $6.6 million for past pain and suffering over a period of roughly 77 months (just under $90,000 per month) and $19.9 million for future pain and suffering over 17.5 years (just over $90,000 per month) did not deviate materially from what would be reasonable compensation (CPLR 5501 [c]; see e.g. Ford v A.O. Smith Water Prods., 173 AD3d 602 [1st Dept 2019] [affirming award to plaintiff who developed mesothelioma following asbestos exposure of $5 million for past pain and suffering over 17 months [*2](just under $300,000 per month) and modified to vacate the award for future pain and suffering and order a new trial of those damages, unless plaintiff stipulates to reduce the award for future pain and suffering to $500,000 and suffering over one month]). Nor were the $2 million and $3 million awards to Rosa for past and future loss of consortium, respectively, excessive under the circumstances (see Matter of New York Asbestos Litig. [Brown], 146 AD3d 461, 462-463 [1st Dept 2017], appeal dismissed 29 NY3d 1141 [2017], citing Penn v Amchem Prods., 85 AD3d 475, 476 [1st Dept 2011]). We decline to disturb the $6.5 million punitive damages award, roughly five time less than the total compensatory damages award and well within the outer boundaries prescribed by due process (see generally State Farm Mut. Auto. Ins. Co. v Campbell, 538 US 408, 425 [2003]).
Lastly, the jury's apportionment of 15% fault to Romeo is supported by a fair interpretation of the evidence, based on his history of smoking, and was not against the weight of the evidence (see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). It was entirely within the jury's province to assess the credibility of the parties and their witnesses and to determine what to credit in rendering its verdict (see generally e.g. Bledsoe v Center for Human Reproduction, 228 AD3d 96, 101 [1st Dept 2024]; Rozon v Schottenstein, 204 AD3d 94, 100 [1st Dept 2022]).
We have considered Burnham's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 13, 2025