| |
|---|
| **Morales v Amchem Prods., Inc.** |
| 2025 NY Slip Op 31396(U) |
| April 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 190253/2022 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JUDY H. KIM**

*Justice*

PART _____04_____

---------------------------------------------------------------------------------X

BELISARIO CAMARGO MORALES, LEYDI CAMARGO,

Plaintiffs,

- v -

AMCHEM PRODUCTS, INC., et al,

Defendants.

---------------------------------------------------------------------------------X

INDEX NO. _____190253/2022_____

**TRIAL DECISION & ORDER**

The following e-filed documents, listed by NYSCEF document numbers 290-321 and 328-363, were read on the parties' respective motions in limine to preclude the introduction of certain evidence at trial.

As directed by the Court at the April 7, 2025 pre-trial conference, the parties submitted motions in limine by April 9, 2025 and submitted responses to opposing counsel's in limine applications on April 10, 2025. The motions are addressed as follows:

## Plaintiffs' Motion in Limine

Plaintiffs' motion to preclude defendants from questioning plaintiffs' causation experts as to whether other products, entities, or settled parties caused Morales's mesothelioma is denied without prejudice. Whether such questioning is permissible will depend on whether defendants have laid a foundation to establish specific causation against any nonparty or settled party tortfeasors such that fault could be apportioned to such other entities (*see In re New York City Asbestos Litig. (Idell)*, 164 AD3d 1128, 1129 [1st Dept 2018]; *see also Seen v Kaiser Gypsum Co., Inc.*, 2023 NY Slip Op 30794[U], 6 [Sup Ct, NY County 2023] *aff'd as mod* 2024 NY Slip Op. 02788 [1st Dept 2024]).

[* 1]

## Defendants' Motions in Limine

Each defendant has adopted the motions of their co-defendants as their own. Accordingly, the motions are addressed as "defendants' motions," except where the relief sought is specific to one defendant.

The following motions are **GRANTED**:

Defendants' motion to compel plaintiffs to produce their Trial Exhibit List to all defendants is granted. Contrary to plaintiffs' position, "CPLR §2103(e) requires plaintiffs to serve [defendants] with all documents plaintiffs have served on other parties in the action" (*Trumbull v Adience, Inc*. 2018 NY Slip Op 31669(U), 3 [Sup Ct, NY County 2018]). Accordingly, plaintiffs shall serve on each defendant their Trial Exhibit List in its entirety on or before **Monday, April 28, 2025**.

Defendants' motion to preclude evidence of a defendant's financial condition is granted as irrelevant and potentially prejudicial. Defendants' motion to preclude plaintiff from referencing a defendant's insurance or lack thereof is granted for the same reasons (*see Butigian v Port Auth. of NY & NJ*, 293 AD2d 251 [1st Dept 2002]).

Defendants' motion to preclude plaintiff from referencing other pending actions in which any of the defendants is involved is granted. At present, there is no basis to conclude that this information has any relevance to this action.

Defendants' motion to preclude plaintiffs from making statements that the remaining defendants refused to "pay their fair share" is granted.

Defendants' motion to preclude the testimony of non-parties as to the emotional distress these non-parties experienced as a result of plaintiff's mesothelioma diagnosis is granted.

[* 2]

The following motions are **DENIED WITHOUT PREJUDICE**
<u>to each defendant raising specific objections at trial as appropriate</u>:

Defendant Superior Boiler Works, Inc.'s ("Superior Boiler") motion to preclude plaintiffs from asserting that Superior Boiler was the manufacturer of the boiler at issue is denied. Whether Superior Boiler manufactured the boiler in question is an issue of fact to be resolved at trial (*see Casalini v Alexander Wolf & Son*, 157 AD3d 528, 530 [1st Dept 2018] ["an issue of material fact cannot form the basis for granting a motion in limine because it is an "inappropriate device to obtain [summary] relief"]).

Defendants' motion to permit the introduction of any settled defendant's answers to interrogatories and deposition testimony is denied. "CPLR 3117(a)(2) does not extend to the interrogatory answers or corporate representative depositions of defendants who have settled or who have gone bankrupt" (*New York City Asbestos Litig.*, 2017 NY Slip Op 30005[U], 21-23 [Sup Ct, NY County 2017]).

Defendants' motion to preclude causation testimony from Kenneth Garza and Dr. Mark Ginsburg is denied. Their reports establish a sufficient basis for their anticipated testimony at trial and, in any event, these doctors will "presumably expand on their reports" (*see In re New York City Asbestos Litigation.*, 2017 NY Slip Op 30756[U], 6-7 {Sup Ct., NY County 2017]). Nor is a *Frye* hearing warranted on this issue (*see Berger v Amchem Products*, 13 Misc 3d 335, 344 [Sup Ct, NY County 2006]). To the extent defendants assert that the testimony of these witnesses will be insufficient to establish plaintiffs' prima facie case, this is an argument for summary judgment or a directed verdict rather than a motion in limine (*see Matter of New York City Asbestos Litig.*, 2025 NY Slip Op 01425 [1st Dept 2025]; *see also In re New York City Asbestos Litigation (Evans)*, 2017 NY Slip Op 30756[U], 6-7 [Sup Ct, NY County 2017]).

Defendants' motion to preclude testimony that there is "no safe level" of asbestos exposure is denied (*see New York City Asbestos Litig. (Evans)*, 2017 NY Slip Op 30658[U], 4 [Sup Ct, NY County 2017]) as is defendants' motion to preclude plaintiffs' experts from testifying as to the concept of "individual susceptibility" (*see Lugo v New York City Health and Hosps. Corp.*, 89 AD3d 42, 48 [2d Dept 2011]).

Defendants' motion to preclude plaintiffs' "state-of-the-art" witnesses—i.e., doctors Castleman, Rosner, and Markowitz—is denied. These witnesses have "specialized knowledge which may assist the trier of fact," have "digested decades of work in the field," and "testified in numerous NYCAL cases" (*New York City Asbestos Litig. (Andrews)*, 2017 NY Slip Op 30005[U], 18-19 [Sup Ct, NY County 2017]). Defendants' motion to preclude case reports and case series and testimony referencing same is also denied (*see e.g. Konstantin v 630 Third Ave. Assoc.*, 37 Misc 3d 1206(A) [Sup Ct, NY County 2012] ["Dr. Markowitz … based his opinion linking asbestos exposure to mesothelioma of the tunica vaginalis on scholarly articles, including an epidemiological study, case reports and other articles linking asbestos exposure"], *affd sub nom. In re New York City Asbestos Litig.*, 121 AD3d 230 [1st Dept 2014], *affd*, *Matter of* , 27 NY3d 1172 [2016], and *affd*, *Matter of* , 27 NY3d 765 [2016]).

Defendants' motion to preclude filmed simulations of the release of asbestos fibers created by Materials Analytical Services and Dr. William Longo's testimony as to same is denied. While inadmissible as "a basis or substitute for quantifying asbestos exposure based on scientific studies" it may be admitted "as a visual aid to illuminate asbestos fibers in the air" as "relevant to rebutting the defense that asbestos in gaskets was enclosed in metal, preventing asbestos fibers from being released into the air" (*Matter of New York City Asbestos Litig (McWilliams).*, 224 AD3d 597, 598-99 [1st Dept 2024] [internal citations omitted], *lv to appeal dismissed*, 42 NY3d 1030 [2024]).

Defendants' motion for a *Frye* hearing as to such simulations is also denied (*see New York City Asbestos Litig.*, 2017 NY Slip Op 30658[U], 17-18 [Sup Ct, NY County 2017]).

Defendants' motion to preclude the submission of regulatory materials and public health announcements is denied. While "the standards promulgated by regulatory agencies as protective measures are inadmissible to demonstrate causation … studies that lead to regulatory action can be admissible…" (*New York City Asbestos Litig.*, 2017 NY Slip Op 30005[U], 12-13 [Sup Ct, NY County 2017]). "To the extent that the regulatory materials and public health announcements will not be separately introduced at trial, but will form the basis for expert testimony, the Court cannot determine on this submission whether the materials would be subject to the professional reliability exception …" (*id.*). **However, if plaintiffs intend to introduce such documents into evidence, then they are to submit an exhibit list of these documents by <u>Monday, April 28, 2025</u>, and identify the relevant hearsay exception.**

Defendants' motion to preclude any trade association knowledge and unspecified medical and scientific articles, treatises, periodicals, catalogs, and pamphlets, among other state-of-the-art material is denied. "Potential evidence concerning the knowledge of trade associations is not irrelevant or prejudicial and "may be considered, along with other evidence, as a basis for a jury's finding on whether defendants breached a duty to warn" (*New York City Asbestos Litig. (Andrews)*, 2017 NY Slip Op 30005[U], 20-21 [Sup Ct, NY County 2017] citing *Matter of New York City Asbestos Litig*, 27 NY3d 765 [2016]).

Defendants' motion to preclude evidence post-dating plaintiff's exposure is denied. Defendants have failed to identify specific evidence they seek to preclude and, in any event, "documents which post-date exposure may be relevant to the issue of recklessness" (*New York*

[* 5]

*City Asbestos Litigation (Evans)*, 2017 NY Slip Op 30658 [U], 9 [Sup Ct, NY County 2017] citing, inter alia, *Matter of New York City Asbestos Litigation.*, 143 AD3d 483 [1st Dept 2016]).

Defendants' motion to preclude "day-in-the-life" videos or photos is denied as premature. Such material is not, on its face, inadmissible (*cf. Vigio v New York Hosp.*, 264 AD2d 668 [1st Dept 1999] ["Precluding plaintiffs from using at trial a videotape depicting a day in the life of their decedent was a proper disclosure sanction"]).

Defendants' motion to preclude evidence of recklessness and a jury charge on recklessness is denied. The propriety of a recklessness charge will be based on the trial record. Similarly, defendants' motion to preclude plaintiffs from seeking punitive damages is denied as the availability of punitive damages is also dependent on the evidence at trial (*see Matter of New York City Asbestos Litig. (Maffei)*, 2025 NY Slip Op 01425; 2025 WL 793345 [1st Dept. 2025]).

Defendants' motion to preclude evidence that post-dates plaintiff's alleged last exposure to asbestos is denied. Defendant has not identified the specific evidence that they seek to exclude (*see New York City Asbestos Litig. (Evans)*, 2017 NY Slip Op 30658[U], 9 [Sup Ct, NY County 2017] [the Court "decline[s] to decide admissibility issues in a vacuum") and, in any event, "documents which post-date exposure may be relevant to the issue of recklessness" (*id. at* 9 [Sup Ct, NY County 2017] citing, inter alia, *Matter of New York City Asbestos Litigation*, 143 AD3d 483 [1st Dept 2016]).

Defendants' motion to permit the admission of proofs of claims filed by plaintiffs in Bankruptcy Court is denied (*see Dietz v Fulton Boiler Works, Inc*., Sup Ct, NY County, Oct. 22, 2010 Shulman, J. index No. 105736/99; *Vega v Georgia Pacific, LLC, et al*., Sup Ct, NY County, April 12, 2013, Shulman, J., index No. 111904/09; *Dul v. Smith Water Products, Co., et al.*, Sup. Ct., NY County, June 6, 2014, Kern, J., index No. 190571/12).

Defendants' motion to include all settled defendants on the Verdict Sheet for apportionment purposes is denied. Whether these entities are included on the verdict sheet will depend on plaintiffs establishing a prima facie case as against them at trial (*see In re New York City Asbestos Litig. (Idell)*, 164 AD3d 1128, 1129 [1st Dept 2018]).

Defendants' motion to compel disclosure of the terms of plaintiff's settlement agreements with other parties is denied. "Other than the amount of the settlement, which … must be disclosed in the event of a verdict in [plaintiffs'] favor, such materials have no conceivable relevance to a possible post-verdict apportionment under General Obligations Law §15-108" (*In re New York County Data Entry Worker Prod. Liab. Litig.*, 222 AD2d 381, 382 [1st Dept 1995]).

Defendants' motion to preclude the use of phrases "asbestos industry" and "asbestos victim" is granted. These phrases are ambiguous and, as such, the potential for prejudice outweighs their limited utility.

Defendants' motions to preclude: (1) "references to or evidence of alleged duty to warn in the absence of the requisite predicate;" (2) claims based upon third-party manufactured component parts; and (3) arguments that defendants are liable if an asbestos hazard was "knowable," are denied as seeking relief beyond the scope of a motion in limine (*see State v Metz*, 241 AD2d 192, 198 [1st Dept 1998] ["the function of a motion in limine is to permit a party to obtain a preliminary order before or during trial excluding the introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use"]).

The remainder of defendants' motions are denied without prejudice as premature, as defendants have not provided sufficient information for the Court to render a decision at this juncture (*see New York City Asbestos Litig. (Evans)*, 2017 NY Slip Op 30658[U], 9 [Sup Ct, NY

County 2017] [the Court "decline[s] to decide admissibility issues in a vacuum"]):

> Motion to preclude evidence of unspecified subsequent remedial measures.

> Motion to preclude the testimony of unidentified lay witnesses as to the composition of unidentified components or equipment.

> Motion to preclude the testimony of unidentified lay witness as to statements they heard medical professionals make to Mr. Morales.

> Motion to limit the testimony of plaintiff's treating physician to the treatment provided to plaintiff.

> Motion to preclude any reference to other, unspecified, products defendants' manufactured that are not specifically at issue, and to preclude the introduction of documents created by other companies for the purpose of imputing knowledge to a defendant.

> Motion to preclude unidentified trial exhibits that are incomplete documents.

The following motions are **MOOT**:

Defendants' motion to preclude plaintiffs from referencing the Environmental Protection Agency's proposed 1989 ban on the use of asbestos is moot, as plaintiffs represent that they will not do so.

Defendants' motion to preclude reference to specific dollar amounts during voir dire and opening statements is mooted by plaintiffs' representation that they will not do so.

Defendants' motion to preclude evidence of economic damages is mooted as plaintiffs are not asserting a claim for economic damages.

Defendants' motion to preclude "reptile arguments," personal attacks, disparaging remarks or inappropriate appeals to jurors' sympathy is moot, as plaintiffs' counsel represent that they have no intention of engaging in such conduct. As in any trial, the Court expects that counsel for all

parties will conduct themselves in a civil manner.

This constitutes the decision and order of the Court.

**DATE: 4/21/2025**                                          **HON. JUDY H. KIM, JSC**

**Check One:**              ☐ **Case Disposed**              ☐ **Non-Final Disposition**

**Check if Appropriate:**   ☒ **Other (Specify**           Motions in limine                **)**

[* 9]